## JOHN MUDGETT v. JOHNSON HORRELL.

PROOF OF BEING STOCKHOLDER IN CORPORATION.—If the entries in the stock and
transfer book of a corporation are regarded as presumptive evidence that a person
therein named a stockholder was such, the books are impeached and the presump-
tion is overcome, if the evidence given orally by witnesses shows that he never
accepted but refused to accept any stock in the company.

STOCKHOLDER IN CORPORATION.—One who never accepts but refuses to accept any
stock in a corporation, is not a stockholder, even though the Secretary enters his
name in the books as such.

By CURREY, C. J., SHAFTER, J., concurring :

STOCK BOOK OF CORPORATION NOT EVIDENCE.—The stock book of a corporation is
not admissible in evidence in an action by a creditor of the corporation against
one claimed to be a stockholder, for the purpose of proving that he is such stock-
holder.

APPEAL from the District Court, Seventh Judicial District, Napa County.

The evidence for the plaintiff and defendant concurred in showing that the defendant had some verbal arrangement with the corporation by which he was to do certain things for the company and receive seventy-three shares of stock there-for, and that the seventy-three shares were made out and offered to the defendant, but that he refused to accept of the same or receipt therefor. The evidence also showed that the defendant did not perform the acts specified in the arrange-ment.

The other facts are stated in the opinion of the Court.

*Robinson & Dunlap*, for Appellant.

The Court found that the defendant was a stockholder. The finding of fact upon this point is against the evidence in the case. But it is said that where there is conflicting evi-dence the Court will not disturb the verdict. Admit this to be the law, and it does not militate against our theory of this case. A conflict only arises when there is testimony on either side of a question ; here the only testimony offered is the book, and the parol testimony with it, to explain the acts connected with the entry, and to show the want of consent on the part of defendant. The whole testimony upon the

4

subject is part of the same transaction, and goes to make up one whole fact, to wit : that there was a lack of the mutual consent required to make the defendant a stockholder; or, in other words, it shows an attempt at negotiation, and the absence of a contract as the result.

This very question was decided in *Essex Turnpike Corporation* v. *Collins*, 8 Mass. 299, where the Court held that " to every valid contract there must be parties," and sustained a judgment of nonsuit, on the ground that it was not shown that each of the parties consented—the one to become a member, and the other that he should become a member of the corporation. " It seems that the criterion of liability of a subscriber to stock in a corporation is, whether any act has been done by which the corporation has been forced to receive the subscriber." (Angell & Ames on Corp., Sec. 527, and authorities cited.)

*T. J. Tucker*, for Respondent.

In order to present this question on appeal, it was the duty of appellant to prepare a statement on motion for a new trial, embracing all the material evidence relating to this fact. The statement in this case does not contain any of the material evidence introduced by plaintiff on the trial of the cause—it contains but a small portion of the testimony and none of the documentary evidence. The statement refers to the Court Reporter's notes of the evidence and proceedings on the trial, the stock book and transfer book of the company, and the bond given by defendant to Thomas Earl; all of which were examined and considered by the Court below on the motion for a new trial, none of which appears in the transcript on appeal.

The stock book introduced by plaintiff on the trial is the book which the company is required by law to keep. This book shows when defendant became a stockholder, and the number of shares he held at the time the notes were executed. The Act under which this corporation was organized provides that any entry made in this book " shall be presumptive evi-

dence of the facts therein stated in any action or proceeding against the company, or against any one or more stockholders," (Gen. Laws, par. 949,) and the onus was upon defendant to show that the entries were false.

By the Court, CURREY, C. J.:

The defendant was sought to be charged as a stockholder in the Hamilton Quicksilver Company, a corporation organized under the laws of this State, (Hittell's Gen. Laws, 932,) for his proportion, as alleged, of the debt due the plaintiff from the company. The action was upon two promissory notes made by the corporation—the one on the 30th of April, 1863, and the other on the first of May, in the same year. Each of said notes was made payable six months after date, with interest at two per cent per month. The defendant traversed several of the material allegations of the complaint. He denied that he was ever a member of, or a stockholder in, said corporation. He denied that he was indebted to the plaintiff in any sum whatever on account of said corporation or otherwise. And he affirmatively alleged that said notes were given for and in consideration of debts which accrued when the defendant was in nowise connected with the company, as agent or otherwise.

The issue joined was tried before the Court without a jury, and the finding and judgment was in plaintiff's favor. A motion for a new trial was afterwards made, which was denied, and then the defendant appealed.

There are two statements in the transcript certified to this Court—that is to say, a statement on motion for a new trial, and a statement on appeal. The last was not served and filed within the time prescribed by law, and consequently must be laid out of view.

From the statement on motion for a new trial it appears that the plaintiff offered in evidence a book called the "stock book," in which, the Secretary of the company testified, a statement of the affairs and transactions of the corporation was kept. The defendant objected to the admission of this

book in evidence, on the ground that it was not such a book as the statute required to be kept. The objection was over-ruled. The Secretary, who was on the stand as a witness for plaintiff, was then shown a book of the corporation, called "transfer book," whereupon he stated that such transfer book was kept by him. The plaintiff then offered in evidence " written transfer, on page five of said book, of twelve shares of Hamilton Quicksilver Company;" also, offered in evidence " transfer of stock from page five of said book to page seventeen inclusive." To the offered evidence the defendant objected, on the ground that the same was incompetent. What these entries were we are not informed with entire certainty. But the same were received in evidence for the purpose of sustaining the issue on the part of the plaintiff, and we are to presume the evidence so admitted tended at least to that conclusion, and if improperly admitted, operated to the prejudice of the defendant.

The sixteenth section of the Act to provide for the formation of corporations and for other purposes, passed in 1853, (Laws 1853, p. 87,) as amended in 1863, (Laws 1863, p. 736,) provides that every stockholder shall be individually and personally liable for his proportion of all the debts and liabilities of the company contracted or incurred during the time that he was a stockholder. The answer, as we have seen, traversed the plaintiff's allegation that defendant was a stockholder in the corporation at the time the company contracted the debt or incurred the liability for a portion of which the defendant was sought to be charged. An issue being joined on this point, the burden was on the plaintiff to prove the truth of his averment before he could recover. He attempted to do this by the books which he introduced in evidence, supposing, it would seem, that the books were competent evidence of the fact in issue. The eighteenth section of the Act of 1853 authorized and required the Trustees of the corporation in question to cause a book to be kept containing the names of all stockholders, and the number of shares held by them respectively, and the time when they respectively became the owners of such shares; and then provided " that

such book or certified copy of an entry shall be presumptive evidence of the facts therein stated, in any action or proceeding against the company, or against any one or more stockholders." The book or books admitted in evidence, assuming they were such books as the statute authorized to be kept by the company, were not competent evidence of the fact in controversy. Before the books or either of them could be held presumptive evidence of the fact or facts therein contained as against the defendant, it was necessary it should appear that he was a stockholder. But this was the fact in issue and to be established before either of the books produced could become presumptive evidence of any fact against him. There is a species of absurdity in holding that the books were admissible evidence to prove the very fact on which their admissibility depended.

But if it were conceded that the books were *prima facie*, or, in the language of the statute, presumptive evidence, of the facts therein stated, then the result would be the same; because the evidence shows that the defendant never became a stockholder in the company. That he did, is not to be intended in support of the finding of the Court, upon the hypothesis that the books introduced in evidence, but which have not been copied in the statement, established facts authorizing such finding. We are of opinion that there is enough in the statement to show what the books contained relating to the questions in issue, and that the entries therein, by aid of which the defendant was held to be a stockholder and liable as such, were unauthorized, and consequently their character as evidence was impeached and destroyed. The engrossed statement contains the following passage : " On the hearing of this motion for a new trial plaintiff will refer to and read the following papers and evidence, to wit : The stock book of company ; the transfer book of company ; the bond of Thomas Earl; and he asks that the same may be made a part of this statement, together with the Court Reporter's notes of the evidence and proceedings in the case." It does not appear why the books so referred to by the plaintiff were not in fact brought into the statement. It may be

they were not because they could not add anything, if competent evidence, to the testimony of the plaintiff's witnesses touching the issues joined between the parties, and consequently were omitted for economical or other reasons. We are not to assume, in the face of the facts disclosed, that they established a case in respect to the defendant in conflict with that disclosed by the plaintiff's witnesses. It is fairly to be inferred from the statement that both parties were satisfied with the testimony of the witnesses as to the contents of the books, so far as they related to the point in controversy, and that a transcript of the books incorporated in the statement would be of no service to either party.

The books, it must be observed, are only presumptive evidence of the facts therein stated in the cases in which they are competent evidence in the first instance. If only presumptive evidence in such cases, the presumption raised might be overthrown by other competent evidence. At most, the books were only presumptive evidence that defendant became a stockholder in the company. This evidence was overcome by the testimony of the plaintiff's witnesses, to the effect that he never accepted but refused to accept any of the stock of the company, and never, in fact, became a stockholder in the company. The witnesses called by the defendant also testified to facts showing that defendant did not become a stockholder in the company. And there is no pretence or reason for pretence that the witnesses did not testify truly. So that, assuming that the books contained a statement showing that the defendant became and was a stockholder, as alleged in the complaint, such evidence, if competent against the defendant, was effectually contradicted and rebutted.

There was no cause of action established against the defendant, and therefore the judgment must be and is hereby reversed and a new trial ordered.

RHODES, J., concurring specially:

I concur in the judgment of reversal on the last ground discussed by Mr. Chief Justice Currey.

SAWYER, J., dissenting :

As to the points specified in the statement relating to insufficiency of evidence to support the findings, it is impossible to tell from the statement what the evidence proved. The statement itself affirmatively shows that evidence bearing upon the points specified has been omitted in the statement and transcript, and that such omitted evidence is absolutely necessary to render that contained in the transcript intelligible. Also, that the omitted evidence constitutes a part of the case upon which the Court below based its action in denying a new trial. All presumptions are in favor of the correct action of the Court, and the appellant must affirmatively show error to justify this Court in reversing the orders and judgments of the District Court. I cannot undertake to say, from the mutilated case and loose jumble of evidence appearing in the statement on motion for new trial, as presented in the transcript, that the evidence was insufficient to support the findings. I find no available error, and think the judgment should be affirmed.

SANDERSON, J., also dissenting :

I think the judgment should be affirmed.