No. 2,562.

JAMES B. DAMRELL, RESPONDENT, v. HENRICH MEYER, APPELLANT.

PRE-EMPTION OF UNSURVEYED LANDS.—DECLARATORY STATEMENT.—A party who desires to avail himself of the pre-emption laws, authorizing a settlement on unsurveyed land, must file his declaratory statement within three months after the filing of the township plat.

IDEM.—A person who has neither filed his declaratory statement, nor been prevented from so doing by the fraud of another person, cannot avail himself of the benefits of an entry made by such other person and a patent issued in pursuance thereof.

IDEM.—AGREEMENT TO DIVIDE VOID UNDER PRE-EMPTION ACT.—An agreement between two persons, to the effect that if either shall succeed in establishing a pre-emption claim to a tract of land he shall divide the land with the other, is in contravention of the Pre-emption Act and cannot be enforced.

APPEAL from the District Court of the Fifth District, San Joaquin County.

Action of ejectment to recover possession of the southerly forty-seven acres of the west half of the southeast quarter

of Section 18, (T. 2 N. R. 8 E.) in the County of San Joaquin.

The answer of defendant contains a cross-complaint in which he alleges, that being a qualified pre-emptor in 1850, he entered upon and settled the land adjoining the land in controversy; that he has ever since claimed and cultivated the land in controversy; that plaintiff has used and cultivated the remaining thirty-three acres of the west half of the southeast quarter of Section 18 since 1856; that in consequence of an understanding and agreement between plaintiff and defendant that each party was to have and take title to the said part of the west half of the southeast quarter of Section 18, in their possession respectively, defendant suffered plaintiff in 1861, without opposition or contest, to go on and acquire title to the entire west half of said southeast quarter, believing that plaintiff would, whenever he acquired title, and in conformity with the said understanding and agreement, convey the title to that part of the land in defendant's possession to defendant on defendant's reimbursing to plaintiff the costs and expenses and purchase money of such part. That after plaintiff had procured a certificate of purchase for the said west half of the southeast quarter of Section 18, he refused to recognize and abide by the understanding and agreement aforesaid, and claimed the right to procure and hold the title to said land and every part thereof, to the entire exclusion of any claim or right of defendant to said forty-seven acres in defendant's possession, and that a patent has been issued to plaintiff for said land by means of which the plaintiff, by his action at law, threatens to eject defendant from said premises.

Wherefore, the defendant prays the Court as a Court of equity, for a decree or judgment declaring that plaintiff holds the legal title to said forty-seven acres in trust for defendant, and, that on payment to him by defendant of the costs, expenses and purchase money to be ascertained by said decree, plaintiff shall convey the legal title to said premises to defendant; and that plaintiff be enjoined and

restrained from prosecuting further his said action of eject-
ment, etc.

Plaintiff demurred to defendant's cross-complaint, and the
demurrer was overruled by the Court.   On the trial, after
plaintiff had closed his testimony, the defendant offered to
prove all the facts set out in his cross-complaint, and which
were put in issue by plaintiff's denial thereof.   Plaintiff ob-
jected, and the objection was sustained by the Court.

Judgment was for plaintiff, and defendant appealed.

The other facts are stated in the opinion.

*Hall & Montgomery*, for Appellant.

A Court of equity is the only tribunal empowered to
restore to the defendant what he has lost by the deceit and
fraudulent contrivances of the plaintiff.   All the circum-
stances may be considered, and a decree made with such
equitable conditions annexed as shall be deemed proper,
without avoiding the grant by the patent.   (*Polk's Lessee* v.
*Wendal et al.* 9 Cranch. R. 87.)

And this is a proper case for the interposition of the Court.
It is true that the contract between these parties was con-
trary to the policy and provisions of the pre-emption law
of September 4, 1841, (sec. 13), and the fact appearing to
the Department, plaintiff could not have been permitted to
make entry.   Aside from this prohibition, however, there
was nothing unlawful in the promise of plaintiff to convey
title, when he received it, to defendant for a part of the
land, on defendant paying him therefor what the part had
cost.   It was an agreement to sell for a stipulated price—
the payment and conveyance to be made when the seller
could give title.   The contract does not avoid the patent.
The only consequence is that which the Act affixes.   The
agreement was in part performed immediately after it was
made.   Thenceforth, each party held possession of his part
under and subject to its terms.   Relying upon the sup-
posed security it afforded, the defendant waived his superior
incipient right and commenced another claim to only forty
acres.

The defendant faithfully adhered to his bargain; and if the Court cannot interfere he will be deprived of the possession of the part held by him, and to have become his by title, although he was only in equal fault with the plaintiff in the act of entering into the forbidden engagement. But assuming (as we have a right for the present purpose,) that the alleged facts are capable of proof, the plaintiff is doubly culpable by reason of his having taken the oath preliminary to entry required by Section 13 of the Pre-emption Act.

On the other hand, the plaintiff has received all the benefits of the contract. He retains his portion in possession, and having caused defendant to voluntarily withdraw from conflict, he consummates his title, and demands that he shall be allowed to appropriate all the land to himself. To allow this to be accomplished, would seem to be a judicial reward for a two-fold breach—of a private engagement and of public law. To prevent this result, equity should treat the defendant as still clothed with his original elder and better incipient right, and give him the benefit of an application of those principles which protect it against loss by the fraud of an adverse claimant, who, by means of such fraud, overreaches it with the legal title. (*Brush* v. *Ware*, 15 Pet. 93; Fry on Specific Performance of Contracts, secs. 204, 309–313; *Combs* v. *Jelly*, 28 Cal. 501–2; *Hughes* v. *United States*, 4 Wal. U. S. 232; *Truesdell* v. *Calloway et al.* 6 Mo. 605; *Bird et al.* v. *Ward et al.* 1 Id. top page 281; *Burnley* v. *Jeffersonville*, 3 McLean, 336; *Huntsaker* v. *Clark*, 12 Mo. 337; *Grove's Heirs* v. *Fulsome*, 16 Id. 554; *Smith* v. *Stephenson*, 7 Id.; 2 Story's Eq. Juris. sec. 896; *Russell* v. *Beebe*, 2 Hemp. 704.)

The proof of the fraud should be heard; and for this reason the judgment ought to be reversed.

*J. H. Budd*, for Respondent.

RHODES, C. J., delivered the opinion of the Court, CROCKETT, J., TEMPLE, J., and WALLACE, J., concurring:

The cross-complaint of the defendant, does not state facts sufficient to constitute a cause of action. The defendant having settled on the land adjoining the land in controversy, and claiming and cultivating the land in controversy, as he alleges, in 1850, and the township plat having been filed in the local Land Office in July, 1858, it became his duty, if he desired to avail himself of the pre-emption laws authorizing a settlement on unsurveyed land, to file his declaratory statement within three months after the filing of the township plat. (*Megerle* v. *Ashe*, 33 Cal., 30, and see decision of the Commissioner of the General Land Office, February 21, 1868.) There is no pretense, that the plaintiff prevented the defendant from filing his declaratory statement at that time, nor after the land was relieved from the suspension in November, 1861—even if his filing after that time would have been of any avail to him. No law has been called to our attention, which will enable a person, who has neither filed his declaratory statement, nor been prevented from so doing by the fraud of another person, to avail himself of the benefits of any entry made by such other person, and a patent issued in pursuance thereof.

It is very clear, that an agreement between two persons, by which it is stipulated that if either shall succeed in establishing a pre-emption claim to a tract of land, he shall divide the land with the other, will not be enforced; for it is in direct contravention of the express provision of the Pre-emption Act.

Judgment affirmed.

SPRAGUE, J., expressed no opinion.