[No. 3,409.]

## HUDSON v. JOHNSON.

AMBIGUOUS COMPLAINT.—In an action to compel the conveyance of land in pursuance of an agreement, the complaint did not clearly set forth whether the title which the defendant agreed to obtain, and did obtain, was a title to the land as lieu land or a title under the preëmption laws of the United States: *Held*, that the complaint was ambiguous and uncertain.

EQUITY WILL NOT ENFORCE AN ILLEGAL CONTRACT.—A Court of equity will not enforce an agreement to obtain the title to land from the United States by preëmption, and then convey the same to the plaintiff, for such an agreement is in contravention of the preëmption laws of the United States.

APPEAL from the District Court of the First Judicial District, County of San Luis Obispo.

The facts are stated in the opinion.

*M. B. Harrison,* for Appellant.

The first ground of demurrer is, that the contract sought to be enforced is contrary to public policy, and in direct contravention of the laws of the United States.

The principal authorities relied upon by the respondent in support of this proposition are: the Act of Congress of Sep-

tember 4th, 1841, and the decision of this Court in *Damrell* v. *Meyer*, 40 Cal. 169. That portion of the Act of Congress relied upon by respondent in this case reads as follows:

"And any grant or conveyance which he or she may have made, except in the hands of bona fide purchasers for a valuable consideration, shall be null and void."

We will take it for granted that that portion of the Act under consideration refers as well to a contract to convey as to a conveyance already made. Such being the case, we must next inquire who are the bona fide purchasers whose rights would be protected under this Act?

If it be conceded that respondent has violated the Act, it still does not affect the rights of appellant, unless it appears upon the face of the complaint that he stands in *pari delicto* with the respondent. (See Chitty on Contracts, 673.)

Indeed, if there were any doubt upon this point, Courts would presume in favor of the legality of the contract. (Chitty on Contracts, 673.)

That appellant occupies no such position is apparent from the fact that plaintiff was wholly ignorant of the source from which defendant proposed to obtain his title. In the one case he was applying to the State; in the other to the United States. What his motive was in so doing is a question with which we have nothing to do The demurrer admits that such was the fact, and it is with facts that we are now dealing. We made no contract with the defendant that required him to obtain a patent by perfecting his preëmption claim. He was free to obtain his title in any way that he chose. We had nothing to do with it. The matter being then left to his own volition, he certainly could not violate this law of Congress and turn round and plead it as a bar to plaintiff's action, as it would be simply taking advantage of his own wrong.

*Charles H. Johnson* and *Walter Murray*, for Respondent.

In *Kellom* v. *Easly*, 2 Abbott's U. S. Rep. 559, Justice DILLON, of the Eighth Circuit Court, Nebraska, affirming the case of *Beers* v. *Kellom*, in same Court, expressly decides that the Federal Preëmption Act prohibits the preëmptioner from all alienation of the property which he has acquired under it prior to the issuing of the patent.

The very latest and most authoritative decision on the subject, as far as we know, is in the case of *Myers* v. *Croft*, 13 Wallace, 291. Justice DAVIS, delivering the opinion of the Court, virtually overrules, in part, the decision of Justice DILLON, in the case last quoted. He decides that the prohibition as to alienation exists only up to the time of entry. This answers our purpose, as the complaint in the case now at bar, in showing that adverse filings existed on the land at the date of the alleged contract, shows that no entry could have been made up to that time.

The whole matter is fully discussed in *Robbins* v. *Bunn*, 54 Illinois, 54. In that case, LAWRENCE, Chief Justice of the Supreme Court of that State, says:

" The twelfth section makes null and void all assignments ' of the right hereby secured' before the patent issues. What is 'the right hereby secured,' referred to in this phrase? It is simply the right of preëmption—the right to purchase the land at the Government price, in preference to any other person, and before it is offered at public sale. Any transfer of that right is forbidden; and any contract made before the purchase from the Government is completed, by which the settler should agree to convey his title, when acquired, to another, would be void. * * * A person buying after the land has been entered, whether before or after the patent is issued, would be an innocent purchaser if buying without knowledge that the affidavit was false, and

hence his rights are saved. But there is no saving clause for innocent purchasers in the twelfth section, because in the transfer of the mere right of preëmption, before the land is entered, there can be no innocent purchaser. The purchaser buying only a right of preëmption would be chargeable with knowledge that he bought in violation of the law."

By the COURT:

This action is brought to compel the defendant to convey to the plaintiff a tract of land. The complaint alleges that the premises being public lands and having been surveyed by the Federal Government and become subject to preëmption by actual settlers, the plaintiff in December, 1867, filed with the Register his declaration of intention to hold the land as a preëmption claim and to enter it under the laws of the United States; that about the same time the defendant applied to locate it as lieu land under the laws of the State, and also made an application to preëmpt it under the laws of the United States. It is further alleged that in pursuance of an agreement between the parties the plaintiff withdrew his claim of preëmption and allowed the defendant to obtain a patent therefor, which he did obtain in November, 1868. This agreement was that the defendant after obtaining the patent was to convey to the plaintiff the southern half of the eighty-acre tract upon being paid the one half of the expenditures incurred in obtaining the patent.

A demurrer to the complaint being sustained and the complaint dismissed, this appeal is taken from the judgment.

The complaint is ambiguous and uncertain, in that it does not clearly set forth whether the title which the defendant was to obtain, and did subsequently obtain, was a title to the land as lieu land or a title under the preëmption laws of the United States, and the ambiguity and uncertainty in this respect was specially pointed out in the demurrer. It was

important that the complaint should have set forth the nature of the title in this respect; for if it appeared that it was a title by preëmption derived directly from the United States, then the contract relied upon, having been made before entry of the lands, would be one in contravention of the preëmption laws of the United States, and, therefore, not to be enforced in this action. (See the authorities cited in *Thurston* v. *Alva,* ante, p. 16, and *Damrell* v. *Meyer,* 40 Cal. 166.)

The demurrer was correctly sustained, and the judgment is affirmed.