Foote, C.
An action of ejectment for certain lands, in which the plaintiff obtained judgment, from which the defendant appealed. The former had a patent from the United States government to the land sued for, which was the basis of his claim. The defendant in his cross-complaint set out that, prior to the land sued for having been surveyed, pre-empted, or patented, an agreement in writing had been entered into between himself and the plaintiff that when they each should obtain title to the lands which they then occupied and claimed, that if the defendant’s patent thus obtained contained any lands which the plaintiff then had in possession that the plaintiff would abide by the lines and actual subdivisions as they then respectively owned and possessed *596 them, so as to give to the defendant the land thus actually in his possession, and that he, the plaintiff, would execute to the defendant a conveyance to any portion of the land then in the defendant’s possession to which he should thereafter obtain title; that the defendant has always been since that agreement in possession of the land sued for, and has remained in possession of it since the date of the patent issued to the plaintiff; that the plaintiff, although a patent has been issued to him of the land, refuses to convey it to the defendant, and prays that the plaintiff be held to be the defendant’s trustee as to the land, and directed to convey it to the defendant, etc.
According to the findings of the court, the cause coming here on the judgment roll alone, it appears that,—
“1. At the time of the commencement of this action, and ever since the 20th of August, 1878, the plaintiff, Thomas Turner, was and still is'the owner of the real estate situate in the county of Santa Clara, state of California, described as follows, to wit: The northeast quarter of the northeast quarter of section thirty-two (32), in township ten (10) south, range five (5) east, Mount Diablo meridian, and the southeast quarter of section twenty-nine (29), in township ten (10) south, of range five (5) east, Mount Diablo meridian, in the district of lands subject to sale at San Francisco, California.
“ 2. Thereafter, on said twentieth day of August, 1878, and before the commencement of this action, said defendant, Peter Donnelly, against plaintiff’s will, entered on said premises and ousted the plaintiff therefrom, and from thence hitherto has and still does detain the possession thereof from said plaintiff.
“3. On the twenty-eighth day of September, 1871, the plaintiff, Thomas Turner, and the defendant, Peter Donnelly, were severally in possession as bona fide settlers and residents thereon of certain unsurveyed lands of the United States, being in the township hereinabove *597 mentioned, the plaintiff being in possession of a portion of the southeast quarter of section 29, and the said defendant of a large tract of about six hundred acres, including portions of section 29, and a portion of the southeast quarter thereof, and section 30. The house and residence of the plaintiff were on the southeast quarter of section 29, and the house and residence of said defendant were on section 30. The lands so respectively occupied were^ contiguous to each other, each tract being inclosed by a fence. The fences were built without reference to any government surveys or subdivisions, the lands not having yet been surveyed or subdivided by the government.
“4. On the day last aforesaid, the plaintiff and defendant, together with other parties, signed and executed a written agreement, which is in the following words:—
‘“Canada Valley, Sept. 28,1871.
“‘Whereas, we, the undersigned citizens of Canada Valley, have purchased and improved our lands without reference to the government subdivisions; and as our lines and fences do not correspond with the government subdivisions, therefore we and each of us whose names are subscribed to this agreement do severally and individually agree, each with the other, that when the land is surveyed, and we obtain titles for the same from the government or of the railroad company, that we will abide by our lines and subdivisions as we now own and possess them; and will each of us deed to the other the parts of sections or one-quarter sections as we may purchase them of the United States or of the railroad company that is in possession of said party at this time; and hereby binding ourselves to convey all the title we may obtain to lands of the United States or railroad company to each other, so as to give each man the land that he now has in possession according to each and every man’s lines and fences now standing.
*598 “‘Peter Donnelly, Mary Donnelly, Thos. Kirkkam, Peter Turner, Thomas Turner, John Kirkkam, E. K. Bobinson, James Donnelly, Mathew Baheal, Patrick K. Bogart, David N. Neel, James Baheal, José B. Guts wick.
“Attest: Wm. Isaac.’
“ 5. In the year 1873, said township was surveyed and subdivided by the United States government.
“ As thus surveyed, the southeast quarter of section 29 lay mostly inside of plaintiff’s inclosure; but about forty acres thereof were inside of defendant’s inclosure.
“6. On the 20th of August, 1878, the United States issued its patent to Thomas Turner in the following words:—
“ ‘ The United States of America, to all whom these presents shall come,—greeting:—
“ ‘ [Certificate No. 6014.]
“ ‘ Whereas, Thomas Turner, of Santa Clara County, California, has deposited in the general land-office of the United States a certificate of the register of the land-office at San Francisco, whereby it appears that full payment has been made by the said Thomas Turner according to the provisions of the act of Congress of the 24th of April, 1820, entitled “An Act making further provision for the sale of the public lands,” and the acts supplemental thereto, for the southeast quarter of section 29 in township 10' south, of range 5 east, Mount Diablo meridian, in the district of lands subject to sale at San Francisco, California, containing 160 acres according to the official plat of the survey of the said lands returned to the general land-office by the surveyor-general, which said tract has been purchased by the said Thomas Turner.
“‘Now, know ye, that the United States of America, in consideration of the premises, and in conformity with the several acts of Congress in such case made and provided, have given and granted, and by these presents do give and grant, unto the said Thomas Turner, and to his heirs, *599 the said tract above described, to have and hold the same, together with all the rights, privileges, immunities, and appurtenances of whatsoever nature thereunto belonging, unto the said Thomas Turner, and to his heirs and assigns forever; subject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes, and rights to ditches and reservoirs used in connection with such water rights as may be recognized and acknowledged by the local customs, laws, and decisions of courts;- and also subject to the right of the proprietor of a vein or lode to extract and remove his ore therefrom, should the same be found to penetrate or intersect the premises hereby granted, as provided by law.
“ ‘In testimony whereof, I, Rutherford B. Hayes, President of the United States of America, have caused these letters to be made patent, and the seal of the general land-office to be hereunto affixed.
“‘Given under my hand, at the city of Washington, the twentieth day of August, in the year of our Lord one thousand eight hundred and seventy-eight, and of the independence of the United States the one hundred and third.
[seal] “ ‘ By the President, R. B. Hayes,
“‘By Wm. H. Crook, Secretary.
“‘Recorded vol. 10, page 243.
“‘S. W. Clark,
“ ‘ Recorder of the General Land-office/
“And on the twentieth day of September, 1878, it issued its patent to Peter Donnelly in the following words:—
“ ‘ The United States of America, to all whom these presents shall come,—greeting:—
“ ‘ [Certificate No. 5766.]
“ ‘ Whereas, Peter Donnelly, of Santa Clara County, California, has deposited in the general land-office of the United States a certificate of the land-office at San Fran *600 cisco, California, whereby it appears that full payment has been made by the said Peter Donnelly, according to the provisions of the act of Congress of the 24th of April, 1820, entitled “An act making further provisions for the sale of public lands,” for the lot numbered 2, and the southeast quarter of the northwest quarter, and the south half of the northeast quarter, of section 30, township 10 south, of range 5 east, Mount Diablo meridian, in the district of lands subject to sale at San Francisco, California, containing 162.55 acres according to the official plat of the survey of the said lands returned to the general land-office by the surveyor-general, which said tract has been purchased by the said Peter Donnelly. Now, know ye, that the United States of America, in consideration of the premises, and in conformity with the several acts of Congress in such case made and provided, have given and granted, and by these presents do give and grant, unto the said Peter Donnelly, and to his heirs, the said tract above described, to have and to hold the same, together with all the rights, privileges, immunities, and appurtenances of whatsoever nature. thereunto belonging, unto the said Peter Donnelly, and his heirs and assigns forever; subject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes, and rights to ditches and reservoirs used in connection with such water rights as may be recognized and acknowledged by the local customs, laws, and decisions of courts; and also subject to the rights of the proprietor of a vein or lode to extract and remove his ore therefrom, should the same be found to penetrate or intersect the premises hereby granted, as provided by law.
“' In testimony whereof, I, Ulysses S. Grant, President of the United States of America, have caused these letters to be made patent, and the seal of the general land-office to be hereunto affixed.
“ ‘ Given under my hand, at the city of Washington, *601 the twentieth day of September, in the year of our Lord one thousand eight hundred and seventy-six, and of the independence of the United States the one hundred and first.
[seal] “ ' By the President, U. S. Grant,
“ < By Wm. H. Crook, Acting Secretary.
“ ‘ Recorded vol. 9, page 440.
“ ‘ S. W. Clark,
“ ‘ Recorder of the General Land-office. “ ‘Recorded at the request of Jas. C. Zuck, the fourth day of December, 1876, at 55 minutes past 8 o’clock, A. m. Wm. B. Hardy, Recorder.
“ ' By A. S. Williams, Deputy.’
“ The lands thus patented to plaintiff and defendant respectively are not contiguous to each other, but are at least one half mile apart, and the defendant has no title whatever to any lands in section 29.”
The court below, in addition to the facts already found in said case, filed the following, its additional finding of fact therein:—
“ 6. That said plaintiff suffered no damages by reason of the said entry of defendant and ouster of plaintiff from the premises in controversy; that during the detention of said premises from plaintiff by defendant as aforesaid, the rents, issues, and profits thereof were of no value, nor are they now of any value, whatever.”
Upon this state of facts, since the parties were not settlers upon the same legal subdivision, and did not have their improvements on the same subdivision, in the sense as contemplated by section 2274 of the United States Revised Statutes, and the lands patented to each and referred to in the within contract were not contiguous, but |t least half a mile apart, and in two different sections, we are of opinion that the agreement under which the defendant claims an equitable title to the plaintiff’s land was void under section 2263 of the United States Revised Statutes, and the rulings of this *602 court in Damrell v. Meyer, 40 Cal. 166,170, and Hudson v. Johnson, 45 Cal. 21, 25, and authorities there cited.
And the patent, once issued to the plaintiff, remained good as to all the world until canceled for fraud in an action brought by the United States government. Even granting that he, in making his application to pre-empt the land, had made a false oath, the defendant could not take advantage of this collateral matter to enforce his void agreement with the plaintiff. And the validity of the patent to the plaintiff on account of his alleged false oath could not be successfully assailed in such a collateral proceeding as the one resorted to by the defendant here. (Moore v. Wilkinson, 13 Cal. 478, 488; Yount v. Howell, 14 Cal. 465-470.)
We are therefore of opinion that no prejudicial error is shown by the record to have been committed by the trial court, and that the judgment should be affirmed.
Seabls, C., and Belcher, C. C., concurred.
The Court.
For the reasons given in the foregoing opinion, the judgment is affirmed.