McMillen, Admr. etc., Appellant, v. Gerstle, Appellee.

1. Pre-emptor.

By settling upon the public land of the United States and filing a declaratory statement, a person acquires no interest in the land itself, but only an inchoate right which, upon compliance with the requirements of the acts of congress, may ripen into a title.    It is not the sub-

ject of sale or transfer either voluntary or by adverse legal proceedings.

2. ATTACHMENT.

An attachment can only operate upon the right of a debtor existing at the time of the levy.

3. STATUTORY CONSTRUCTION.

Sections 2676 and 2677, Gen. Stats., providing that the occupant of public lands has a transferable interest therein, subject to execution, has no application to the case of a pre-emptor whose rights are derived from the general government.

4. CONVEYANCE.

A deed by a pre-emptor made after he has acquired the right to convey the land, is not invalid by reason of the fact that it was executed in pursuance of an agreement which was prohibited and void at the time it was made.

5. FORFEITURE.

Questions of forfeiture of a pre-emptor's title can only be raised by the government.

*Appeal from the District Court of Garfield County.*

THIS was a proceeding in intervention to determine the right to certain real estate. Verdict and judgment in favor of appellee, petitioner in intervention.

Mr. J. W. DOLLISON and Mr. E. H. WATSON, for appellant.

Mr. M. J. BARTLEY, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

On the 20th day of October, 1890, J. E. Barber commenced an action upon overdue promissory notes against Charles H. Leonard in the county court of Garfield county; sued out a writ of attachment, which was levied on the 21st day of October, 1890, at one o'clock and twenty-five minutes P. M., by filing a copy of the writ in the clerk and recorder's office of the county, with a description of the property sought to be attached. Pending the action Barber died, and McMillen, as his administrator, was substituted as plaintiff in the action. The appellee claims title to the land in controversy by deeds

from Leonard dated the 21st day of October, 1890, and the 10th day of December, 1890. Leonard filed his declaratory statement as a pre-emptor for the land in controversy on July 23, 1890, and made final entry on October 21, 1890. The controverted question of fact determined by the jury was as to whether this levy was made before the final entry of the land in the land office. Evidence was introduced tending to show that such entry was not completed and the land paid for until some twenty-five minutes after two P. M. on said day, an hour later than the levy. The jury having found this issue in favor of intervenor, upon conflicting evidence, it must be taken that the entry was made after the levy of the writ. The question of law presented is, whether a pre-emptor upon the public land, before final entry, has such an interest in the land sought to be pre-empted as is subject to attachment ; and, second, if not, whether a levy attempted to be made before entry constitutes a lien upon the equitable estate acquired by the pre-emptor upon final entry made after the attempted levy and before judgment in the attachment suit. We think both questions must be answered in the negative.

By settling upon the public land of the United States and filing a declaratory statement a person acquires no interest in the land itself, but only an inchoate right, which, upon the compliance with the requirements of an act of congress, may ripen into a title. The right is personal to the pre-emptor and may be forfeited by a failure to perform any of the conditions imposed at any time before payment and final entry. It is not a subject of sale or transfer, as expressly provided in section 2263 of the Revised Statutes of the United States : " All assignments and transfers of the right hereby secured, prior to the issuing of the patent, shall be null and void."

It would seem manifest, therefore, that if a voluntary transfer or assignment by the pre-emptor would be void, a third party could not, in contravention of the policy and against the express letter of the statute, procure a transfer of the right by an adverse legal proceeding against him, and that

any step towards the accomplishment of such a result would be wholly ineffective. The levy of the writ for this reason was without any force and created no lien upon the interest of Leonard. It is well established that an attachment can only operate upon the right of a debtor that existed at the time of the levy. Drake on Attachment, §§ 234 and 243; Wade on Attachment, § 253; *Crocker v. Pierce*, 31 Me. 177.

It follows that the levy being a nullity, the equitable title acquired upon final entry was unaffected by it,.and passed by the conveyance of October 21, 1890, to the appellee, unincumbered. Counsel for appellant relies on sections 2676 and 2677 of the General Statutes of Colorado, 1883, as sustaining his contention that the interest of Leonard was transferable and subject to execution. The right of occupancy and possession that are therein mentioned are such as exist between occupants of the public domain whose rights are dependent upon occupancy alone and not upon any right derived from the general government. Such rights in no measure interfere with the paramount title of the United States or its disposal of the land to one who acquires the right to purchase it under the act of congress, and are terminated whenever its title passes to such purchaser.

The interest of Leonard sought to be attached in this case was one held under the provisions of the act of congress and not the occupancy contemplated in the state statute, and, as before stated, was not attachable.

This conclusion dispenses with the necessity of passing upon other errors that it is claimed intervened upon the trial. We cannot perceive wherein the rulings of the court complained of in any way prejudiced the rights of appellant. The judgment is accordingly affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

Per Curiam. The appellant relies, in his petition for a rehearing, upon a question we did not deem it essential to pass upon in the original opinion in this case; and that is,

that the evidence introduced in the court below shows that
Gerstle had entered into an agreement with Leonard for the
purchase of the land in question prior to the entry in the land
office, and that the deed executed on the 21st day of Octo-
ber, 1890, was made prior to such entry; and, incidental to
this, that the court erred in not permitting Leonard, upon
his cross-examination, to testify to such agreement.  The
evidence of Gerstle, as disclosed in the record and uncontra-
dicted except by inference, is direct and positive to the effect
that the deed from Leonard was signed, acknowledged and
delivered after the entry had been made.  After stating the
time the entry was made, this witness testified as follows :

" *Q.* You saw that delivered, did you ? (referring to re-
ceiver's receipt.)  *A.* Yes, sir.   *Q.* You saw the money paid
for the land ?   *A.* Yes, sir.   *Q.* What did you do after that
was handed to Mr. Leonard ?   *A.* We went to Judge Hodges'
office.   *Q.* How far is that from the land office ?   *A.* I think
the next door, or second door above.   *Q.* What did you do
there ; who went with you ?   *A.* Charley Leonard signed the
deed to me and had it acknowledged.   *Q.* That was after the
money was paid for the land to the receiver, then ?   *A.* Yes,
sir.   *Q.* What did you do with the deed when it was signed
and acknowledged ?   *A.* I took it right down to the clerk
and recorder of this county."

Indorsement of filing in recorder's office, as shown on the
deed, was 2.30 P. M.

This witness testified fully to the arrangement that he had
with Leonard in regard to the land prior to its entry, which
was to the effect that he had a claim against Leonard, secured
by a trust deed on the land, amount to $3,500 ; and that in
consideration of advancing an additional sum of money at
the time of delivering the deed he obtained title to the land.

As we stated in our former decision, we considered it un-
necessary to pass upon this assignment of error, and we are
still of the same opinion ; but, as the appellant insists so
strenuously that because the agreement for the sale to Gers-
tle, or for the conveyance to him, was made prior to the en-

try of the land, that the conveyance itself was void, and therefore that Gerstle had no claim upon which he could intervene, we will briefly state the views we entertain upon that proposition.

We regard it as immaterial whether the agreement relied on is in contravention of the act of congress or not, since the deed to Gerstle was signed, acknowledged and delivered after the entry, and at a time that Leonard had the full capacity to dispose of the land. As was said in the case of *Sutphen v. Sutphen*, 30 Kansas, 510, speaking of a transaction identical with the one under consideration, with the exception that it was an agreement to sell a homestead instead of a preemption right, the court uses this language :

" But when the deed was made, the father had a right to convey, and he could not disaffirm the conveyance on the ground of any invalidity in the prior contract. And while that prior contract was, at the time it was made, illegal and void, such invalidity arose not from any moral taint in the transaction—nothing which made it inherently and essentially vicious—but alone from a temporary inhibition. When that inhibition ceased there was nothing to prevent the parties from carrying the agreement into effect. And when without further stipulation or new arrangement the father executed a conveyance to the son, the fair interpretation is that it was in execution of that prior contract, that it was a present affirmation of its validity, a new contract, so to speak, a sale upon the time and terms theretofore agreed upon."

Nor do we think that the validity of the deed to Gerstle by Leonard can be questioned collaterally, as attempted in this case. The intervenor's title was good as against all the world except the United States, and the question of forfeiture can only be raised by the government. *Larison v. Wilbur*, 47 N. W. Rep. 381 ; *Snow v. Flannery*, 10 Iowa, 318 ; *Turner v. Donnelly*, 70 Cal. 597.

The original opinion, as corrected by changing date of delivery of deed, will be adhered to, and petition for rehearing denied.

*Rehearing denied.*