THE PEOPLE, EX REL. J. W. HUSTON, RESPONDENTS, *v.* G. W. HUNT, APPELLANT.

APPELLATE COURT—RECORD—STATEMENT—BILL OF EXCEPTIONS—This court can not consider alleged errors not apparent in the record, nor brought into it by a statement or bill of exceptions, properly settled and signed by the judge of the district court, or agreed to by the parties.

AMENDED PLEADINGS.—When an amended complaint is filed, it takes the place of the original, and all subsequent proceedings in the case are based upon the amended pleading.

VERIFICATION.—When the complaint is not verified, the answer need. not be verified.

EXCEPTION.—If a party desires to have a decision of the district court reviewed by this court, he must except thereto when the ruling or decision is made; and he must also preserve and bring up such exceptions by bill of exceptions or statement.

STATUTORY CONSTRUCTION.—Statutes should be so construed as to give force and effect to each and every part thereof, if it is possible to do so..

28

Appeal from the second judicial district, Ada county.

*A. Heed*, for the appellant.

*J. Brumback*, for the respondents.

Noggle, C. J., delivered the opinion, Whitson and Hol-Lister, JJ., concurring.

This is an action prosecuted in behalf of J. H. McCarty, under chapter 4 of the civil practice act, to recover the possession of the office of county commissioner, which is claimed to have been, before that time, illegally usurped and taken possession of by the defendant, appellant. Judgment was rendered by the district court against the defendant, appellant, and the case is now brought to this court on appeal, to reverse that judgment.

On the part of J. H. McCarty it is claimed, that on the second Monday of August, 1868, pursuant to the statute in such cases made and provided, he, the said J. H. McCarty, was duly elected a county commissioner for the term of three years, commencing on the first Monday of January, 1869; that after he was so elected, and before the said first Monday in January, he duly qualified as such commissioner; that on the said first Monday in January, 1869, the said J. H. McCarty entered into the full and complete discharge of the duties of said office, and that he so continued in office as county commissioner for Ada county, and that he continued to enjoy the same and all the rights and emoluments thereof, until the eleventh day of July, 1870; that upon that day, G. W. Hunt, the said defendant, appellant, usurped and unlawfully intruded himself into the said office of county commissioner of Ada county, and took possession of said office and the books and papers belonging thereto; that he continues unlawfully to hold and exercise the said office of county commissioner of Ada county, and that he withholds the same from the said J. H. McCarty.

The said G. W. Hunt, defendant below (appellant), answering the complaint, alleges that he is rightfully entitled to said office of county commissioner of said Ada county, and to all the rights, franchises, and emoluments thereof, and has

been so entitled from and since the first Monday in July, 1870. The said Hunt, further, in and by his said answer, alleges, that on the first Monday, that being the sixth day of June, 1870, a general election was held in said county of Ada, for the election, among other officers, of three county commissioners for said county, for the term of two years, from and after the first Monday in July, 1870.

That at such election, duly held as aforesaid, the defendant Hunt (appellant) was one of three persons receiving the highest number of votes given at said election in said county for said office, and that he duly qualified as such officer, and he submits that on the first Monday in July, 1870, he became, and continually has been, and still is, a commissioner of said county, entitled to hold, use, and exercise said office by virtue of said election. On the part of said defendant Hunt, it is also alleged, that the court below, in permitting the amended complaint to be filed, allowed a new and different action to be commenced, claiming that "the title to a cause shall not be changed in any of its stages," referring to Nash's Pleading and Practice, pages 112 and 113.

What may have been done in the court below, we can not know; we have no information from the record before us, that any objection was made thereto. Suppose the court below did all that is claimed, in the absence of an objection or an exception, must not this court conclude that the defendant so far consented, as to have waived his right now to object thereto? We think such a conclusion just in connection with the power of the district court conferred by sections 40, 45, and 486 of the civil practice act, and under section 68 of the amendment to that law, as found on page 74 of the laws of the fifth session, which authorizes the district court to amend the pleading or proceeding by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect.

The record contains some unnecessary matter; that should be stricken out. The complaint originally filed, and the answer thereto, are no part of the record in this case; be-

cause a new amended complaint and answer have both been filed. The new and amended complaint not being verified, the answer need not be. A verification of the answer to the amended complaint would be entirely useless; because the said complaint is not verified. (Sec. 51, Civil Practice Act.)

An amended complaint and the answer thereto take the place of the original, and when filed the originals cease to perform any other functions as pleadings. (*Barber* v. *Reynolds*, 33 Cal. 497; *Gillman* v. *Cosgrove*, 22 Id. 356.) The amended complaint and the answer thereto form the issues to be tried, and the complaint not being verified, the pleadings on both sides must be sustained by evidence, or the party failing must be defeated. The record in this case fails to inform this court what the proofs were in the court below; it also fails to show any objections or exceptions to the admission of evidence, or that any question was there raised upon any decision of the court, and the only party appealing having succeeded in his demurrer, therefore the demurrer and the decisions thereon can not be considered on this appeal.

Section 294 of the civil practice act makes the written opinions of the court below proper matter to be sent to this court by the clerk of the district court on appeal; but shall this court consider such opinions so far erroneous as to reverse the judgment of the district court when such opinion is unaccompanied by an objection, exception, or settled statement or order of the court making such opinion of the court a part of the record in the case? Without a bill of exceptions, a settled statement, or an order of the court making such papers a part of the record, to be sent to this court as a part of the transcript, this court can not consider errors in the proceedings in the court below, except only such as are a part of the record. (*Scott* v. *Cook*, 1 Or. 24; *Murray* v. *Walker*, Id. 341.) We can not reverse the judgment for any error we may find in the opinion of the court below, without objection or exception thereto in that court.

This court should so construe the laws of this territory as to give force and effect to each section and every part there-

of, if it can possibly be done.   Section 180, on page 57 of
the laws of the fifth session, among other things provides
that, "in the findings filed, the facts found and the conclu-
sions of law shall be separately stated.   In such cases no
judgment shall be reversed on appeal for want of a finding
in writing, at the instance of any party who shall not have
requested a finding in writing, and had such request en-
tered in the minutes of the court, nor in cases tried by the
court, by commissioner, or referee; nor shall the judgment
be reversed on appeal for defects in the findings, unless ex-
ceptions be made in the court below for a defect in the find-
ing."   Section 206, after providing what shall be put to-
gether by the clerk as the judgment-roll, in cases of default,
among other things says: "In all other cases the summons,
pleadings, verdict of the jury, or finding of the court, com-
missioner, or referee, all bills of exceptions taken and filed in
said action."   In order to sustain both of the last-named
sections harmonious, it is merely necessary for parties trying
causes in the district courts, before such courts, without a
jury, to request such courts, before or at the time such cause
is finally submitted, to make his findings in writing, and to
see that such request is entered in the minutes of the court;
when made and filed in the case such party must except to
them, or no judgment thereon will be reversed, upon appeal,
for any error or defect found in a finding or opinion of a
court below, not excepted to; and such a finding should sub-
stantially comply with the requirements of the law.   This
court is of the opinion that there is no such finding on file
as the law contemplates.

When section 294 was enacted by the legislature, declar-
ing that "if any written opinion be placed on file in render-
ing the judgment or making the order in the court below, a
copy shall be furnished," doubtless contemplated giving the
supreme court the benefit of the wisdom, learning, and
ability of the court below, and nothing more.   It would
hardly be fair to reverse a case on appeal for error found in
a voluntary opinion, not objected to, in the court where the
cause was tried.   This court can not say, from all that ap-
pears in this record, that McCarty did not prove everything

that was stated in the complaint of the plaintiff below; and for aught we can learn from this record, the defendant Hunt may have failed to prove every material allegation in his answer.

For the reasons above stated, the judgment of the court below is affirmed.