(April 6, 1895.)

## WOODDY v. JAMIESON.

[40 Pac. 61.]

ATTACHMENT—WILL NOT BE DISSOLVED WHEN IT IS SHOWN SECURITY HAS BEEN VOLUNTARILY SURRENDERED.—W. at one time held real estate as security for money furnished by him to J. Afterward this real estate was delivered up to J. and received by him, and thereafter W. brought suit upon his debt, and issued attachment. *Held,* that as the security had been delivered up to defendant and received by him, plaintiff was entitled to his attachment.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Thorne, Forney & Smith, for Appellant.

Cite no authorities on the point decided by the court.

Elder, French and Denning, for Respondent, file no brief.

Plaintiff filed complaint on twenty-fourth day of May, 1894, alleging that defendant was indebted to plaintiff in the sum of $929.53. On the same day affidavit and undertaking for attachment were made and filed. Attachment was thereupon issued, and placed in the hands of the sheriff, who levied the

same upon real estate belonging to defendant. On June 1, 1894, defendant filed his motion to dissolve the attachment in said action, alleging as a reason therefor that the debt sued upon in this action was secured by a lien upon real estate which was voluntarily surrendered by plaintiff. The facts concerning the so-called security are sufficiently set forth in the affidavit of defendant in support of his motion for the dissolution of the attachment, and the counter-affidavit of plaintiff, as follows:

"State of Idaho,   ⎫ ss.
  County of Latah. ⎬

"I, L. D. Jamieson, being first duly sworn, on oath depose and say that I am the defendant in the above-entitled action; that the amount of money for which this action is brought was for money had and received by me upon a contract for the sale of certain real estate, wherein and whereby it was agreed between me and the plaintiff that he should pay me the sum of $603.68, and on taking possession of the hereinafter described real estate, and that the defendant herein was to execute to plaintiff herein a good and sufficient warranty deed for the premises, which were described as follows, to wit: The east half ($\frac{1}{2}$) of the northwest quarter ($\frac{1}{4}$), and lots No. 1 (1) and two (2), all in section twelve (12), township forty-two (42) north, range six (6) west, Boise meridian. That the defendant herein did make and tender a good and sufficient deed of warranty to the plaintiff herein, and it was mutually agreed between the said parties, and so contracted at the time, that the plaintiff should give his promissory notes secured by real estate mortgage on the aforesaid real estate, to secure the payment of whatever balance should remain due this defendant and unpaid on the sale of said real estate; and that by the terms of the said contract entered into it was mutually agreed and contracted between the plaintiff and defendant that the plaintiff herein should enter into the immediate possession of the said premises, and farm and hold and keep possession of the same; and that the plaintiff, acting under the terms of the said agreement, did enter into the possession of the said premises, and

did hold and have a lien upon the said premises for the amount of money so paid. Affiant would further show that the plaintiff herein utterly failed to perform his part of the agreement by making, executing, and delivering to this affiant his certain promissory note and real estate mortgage upon the said premises for whatever balance might be found to be due; and, further, that the plaintiff herein did voluntarily surrender the possession and whatever lien he held upon the said premises to this defendant.　　　　　　　　　　　L. D. JAMIESON."

Counter-affidavit of plaintiff is as follows:

"State of Washington, ⎱ ss.
　Whitman County.　　⎰

"I, J. T. Wooddy, being first duly sworn, on oath depose and say, in reply to the affidavit made by the defendant to dissolve attachment in the above-entitled action, that I am the plaintiff in said action; that I admit there was an oral agreement between the defendant and myself, whereby I was to have the premises described in defendant's affidavit, to wit: The east half ($\frac{1}{2}$) of the northwest quarter ($\frac{1}{4}$), and lots one (1) and two (2), in section 12, township forty-two (42), range six (6) west, Boise meridian. That I paid said defendant the sum of $603.68, in pursuance of said agreement. That I took possession of said premises, but I deny that defendant at any time made or tendered to me a warranty deed or any kind of a deed, though I requested him so to do. I further deny that I voluntarily surrendered possession of or lien on said premises to said defendant, but that I surrendered possession to said defendant at his request, he, defendant, representing to me at the time that he had sold said premises to another party, and that he would pay me whatever sum I was out on said premises. He is now due me, and was at the commencement of this action, the amount prayed for in my complaint in said action.

　　　　　　　　　　　　"JAMES T. WOODDY."

Various other affidavits were filed in support of and against the allowance of the motion, which do not materially change the conditions so far as this motion is concerned. Upon the

hearing of the motion the court sustained the motion and dissolved the attachment. From the order dissolving the attachment, plaintiff appeals to this court.

MORGAN, C. J. (After Stating the Facts.)—From these affidavits it appears that an oral contract was made between the parties for the sale of certain real estate by defendant to the plaintiff, on which plaintiff paid defendant the sum of $603.68, and went into possession of the land, agreeing to give notes and mortgage for balance due. As appears by these affidavits the balance due was not paid, nor were notes and mortgage given to secure it. The defendant alleged in his affidavit that he executed and tendered to the plaintiff herein a good and sufficient warranty deed for the premises so contracted to be sold. It was also agreed that the plaintiff should enter into immediate possession of the premises; that he did so enter into possession. and held the same. The defendant further states that the plaintiff voluntarily surrendered the possession and whatever lien he had upon the premises to the defendant. The plaintiff in his affidavit admits the making of the oral agreement between the defendant and himself for the purchase of the premises, and that he paid the $603.68 in pursuance of said agreement, and took possession of the premises, but denies that the defendant at any time made or tendered the plaintiff a warranty deed or any kind of a deed, and alleged that he (the plaintiff) surrendered the possession of the premises to the defendant at his request, he (defendant) representing at the time that he had sold the premises to another party; that he would pay plaintiff whatever sum he was out on said premises. The other affidavits, to some extent, corroborate the statements of the principals in the matter of the tender of the deed. However that may be, the material question to be considered by the court is as to whether at the time of the bringing of the suit the plaintiff held any security or pledge of personal or real estate for the payment of the money claimed to be due from the defendant to the plaintiff. Upon this material point the plaintiff and defendant seem to practically agree—the defendant alleging that the plaintiff surrendered the real es-

tate to him for the reason that he (plaintiff) feared that if he took a deed to the property his creditors would seize it upon his debts, while plaintiff claims that he surrendered the property to the defendant at his (defendant's) request, defendant claiming that he had sold the property to another party. So far as the question at issue before this court is concerned, it would seem to be immaterial as to whether the property was surrendered by the plaintiff to defendant upon either the one excuse or the other. The only point in the case is, Did the plaintiff hold the security, as before stated, when the suit was commenced? Evidently he did not, the property having been delivered up before that time and received by defendant. It follows, therefore, that upon the facts alleged in the complaint and shown by the affidavits the plaintiff was entitled to his attachment.

The contention of the appellant that the filing of an amended complaint renders the original complaint *functus officio* as a pleading, and takes the place of the original, and by relation dates back to the time of the filing of the original complaint, is correct. The amended complaint supersedes the original when purporting to contain a complete statement of the cause of action, and becomes the complaint upon which the cause is to be tried. (See *People v. Hunt,* 1 Idaho, 433; *Barber v. Reynolds,* 33 Cal. 497; *McFadden v. Mining Co.,* 8 Nev. 57.) Judgment of the court below dissolving the attachment is reversed, and the cause remanded for further proceedings.

Huston and Sullivan, JJ., concur.