(March 6, 1908.)

## THOMAS K. ANDREWS, Respondent, v. J. M. MOORE, Appellant.

[94 Pac. 579.]

AMENDED COMPLAINT—DEMURRER—STIPULATION OF FACTS.

1. Where a complaint is amended, it takes the place of the original complaint, and the action of the trial court in overruling a demurrer to the original complaint becomes of no consequence, and cannot be alleged as error on appeal.

2. Where the facts are stipulated as facts, and such stipulation shows no liability upon the part of the defendant, it is error for the trial court to overrule a motion for judgment on the stipulated facts.

3. Where the facts of a case are stipulated as facts, oral testimony cannot be offered for the purpose of contradicting such stipulation.

(Syllabus by the court.)

APPEAL from the District Court of Sixth Judicial District for Lemhi County. Hon. J. M. Stevens, Judge.

Action to recover upon a written contract for the sale of a horse. Judgment for plaintiff. *Reversed.*

H. G. Redwine, for Appellant.

F. J. Cowen, for Respondent.

Counsel cite no authorities on points decided.

STEWART, J.—The respondent, as assignee of Dunham & Fletcher, brings this action to recover the sum of $309 alleged to be due upon the following contract:

"No. 2015 (32464)        .        Baker, Ida., 3-12, 1906.

"Name of Stallion, Brise Tout.

"Dunham and Fletcher, of Wayne, Ill., agree to sell the above named stallion for $3400 to the undersigned subscrib-

ers, who wishing to improve their stock, agree to pay to Dunham, Fletcher $309 for each share in said stallion.

"Capital stock, $3400.   No. Shares.   11.

"Payment to be made in cash; or one-third in one year, one-third in two years, and one-third in three years from July 1st, 1906, secured by joint and several negotiable notes, with interest at six per cent per annum.

"In event the shares are not fully subscribed this agreement is void.

"(Subscribed on back -of contract) : Geo. S. Dewis, J. M. Davis, O. W. Gorham, W. A. Rose, W. R. Baker, Barney Sharkey, H. T. Albertson, Frank Sharkey, S. R. Fleming, J. M. Moore, Frank Marron."

The defendant demurred to the original complaint, which demurrer was overruled and the defendant then answered. Afterwards, a stipulation was entered into by the respective counsel to the effect that the plaintiff might file an amended complaint and that the defendant might. file amendments to his answer to meet the new allegations in the amended complaint. In accordance with this stipulation the plaintiff filed an amended complaint, and the defendant filed certain amendments to his answer. In the amended complaint the plaintiff alleged the making of the contract sued upon, and that the same was fully completed by the persons subscribing their names thereto, that they were each notified when the horse therein described would be delivered, and that the horse was delivered to a large majority of said subscribers, but that the defendant, Moore, failed to appear at such delivery and failed and refused to pay for his interest in said horse as agreed by him. That Dunham and Fletcher have fully kept and performed their part of said contract, and that the horse was delivered upon the express condition and understanding that one-eleventh interest in such horse was the property of the defendant, Moore, upon his compliance with the terms of said contract, and that the plaintiff's assignors, Dunham and Fletcher, tendered to the defendant a transfer of such interest in said horse.

It was then alleged that Dunham and Fletcher assigned their interest in said contract to R. D. Henley, who in turn assigned the same to the respondents herein. That the sum of $309 with interest from April 27, 1906, at six per cent per annum is due on said contract. That plaintiff made demand therefor and the defendant refused to pay the same, wherefore judgment is demanded.

The defendant answered the complaint and admits the making of the contract by the persons named therein, but alleges that after the same had been executed, W. R. Baker, one of the parties who signed said contract, was released therefrom by Dunham and Fletcher, without any consideration therefor, and without this defendant's knowledge or consent. He admits that he was notified of the delivery of said horse, but that he did not have sufficient time to attend such delivery. He denies the assignments to the plaintiff. As a further defense he alleges that R. B. Henley, who was the agent of Dunham and Fletcher, falsely and wilfully misrepresented the cost of keeping the horse, and represented that it would be $200 a year, when in fact it cost $400 a year, and that but for such false and misleading statements he would not have signed such agreement.

As a further defense the defendant alleges that the persons named as subscribers to said contract, except W. R. Baker and the defendant, met on March 15, 1906, and organized themselves into a partnership under the name of the Baker Belgian Horse Company; and at said meeting nine persons organized by electing a president and secretary; that after said partnership was organized the said Dunham and Fletcher, by and through their said agent, R. B. Henley, transferred, sold and assigned the said horse mentioned in said complaint to said Baker Belgian Horse Company, and executed a bill of sale therefor, and transferred the possession of said horse to said nine persons so organized, and that such persons now own and possess said horse.

That at the time said horse was sold and assigned to said Baker Belgian Horse Company, the said nine persons constituting the same executed their joint and several promis-

sory notes for the sum of $3,400, which were delivered to the said agent of Dunham and Fletcher in payment of said horse, and by reason of such sale this defendant alleges that he was released from any obligation under said contract.

As a further defense, he alleges that W. R. Baker, one of the signers of said contract, and who was afterward released therefrom by the assignors of plaintiff, was a man of means, and that this defendant would not have signed said contract had he known that said Baker would have been released therefrom, and by reason of the release of said Baker without his consent he alleges that he is released from any obligation under said contract.

Before trial, a stipulation was entered into between the respective counsel, agreeing upon the facts which in substance are as follows:

First, that Dunham and Fletcher were, and still are, partners under the firm name of Dunham and Fletcher.

Second, that Dunham and Fletcher sold and assigned and transferred all their interest in said contract sued upon to one R. B. Henley.

Third, that Dunham and Fletcher released W. R. Baker, one of the signers to said contract, from all obligation and responsibility thereunder, without any consideration, and without the knowledge or consent of this defendant.

Fourth, that on or about March 15, 1906, nine of the persons who signed said agreement, to wit: Geo. S. Dewis, J. M. Davis, O. W. Gorham, W. A. Rose, Barney Sharkey, H. T. Albertson, Frank Sharkey, S. R. Fleming and Frank Marron, met and organized themselves into a partnership association under the name of the Baker Belgian Horse Company, and elected a president and secretary, and at such time said Dunham and Fletcher transferred, sold and assigned, and delivered to said partnership the horse mentioned in the contract sued upon, and executed to said partnership a bill of sale, and that said Baker Belgian Horse Company have owned and possessed said horse since that time, and that the defendant, J. M. Moore, has never been a member of said Baker Belgian Horse Company, and had no connection with

the same except that an arrangement was made between said nine persons and between said Dunham and Fletcher, that the interest of said Moore would be determined from the evidence.

Fifth, that at the time said nine persons organized as the Baker Belgian Horse Company, they executed and delivered to Dunham and Fletcher their three joint and several promissory notes for $1,133, each, payable in one, two and three years, said notes aggregating the sum of $3,400 mentioned in said agreement.

Sixth, that the defendant has never paid any sum on said contract and never executed any joint or several note in payment thereof. That Dunham and Fletcher gave a credit on one of said notes by said persons, for $309.

Seventh, that Baker is a man of considerable property, and that some of the other parties who signed said notes were worth little more than the exemption allowed by law.

After the stipulation had been filed, counsel for defendant made a motion for judgment upon the pleadings, and stipulation of facts. This motion was overruled by the trial court, and an exception taken and a bill of exceptions settled and allowed embracing said motion and the stipulation of facts.

Afterward, the cause was tried to a jury and a verdict rendered in favor of the plaintiff for the sum of $327.30, and the court entered a judgment in accordance with said verdict. Defendant moved for a new trial upon a statement settled by the trial judge, which motion the court overruled, and the defendant appeals from the judgment and order overruling the motion for a new trial.

Counsel for appellant assigns as error the overruling of the demurrer to the complaint. The record discloses that after the demurrer to the complaint was overruled, by agreement of counsel and by permission of the court, an amended complaint was filed. To the amended complaint no demurrer was presented, and as it took the place of the original complaint and became the complaint upon which said case was tried, the ruling of the court upon the demurrer to the original complaint

becomes of no consequence. (*People v. Hunt*, 1 Ida. 433; *Wooddy v. Jamieson*, 4 Ida. 448, 40 Pac. 61.)

Error No. 2 also challenges the action of the court in overruling the demurrer to the original complaint, and for the above reasons is not well taken.

Error No. 3 assigns as error the ruling of the trial court in denying the defendant's motion for judgment upon the stipulation of facts and pleadings; this motion should have been sustained. As a part of the stipulation it appears that:

"It is stipulated and agreed by and between the parties hereto, acting through their respective counsel, that the following facts necessary to be proven on the trial are facts, and are admitted by each of the respective parties hereto to be such, and are to be considered by the court and jury in considering this case."

Thus it will be seen that the facts stipulated are facts and are admitted to be such by the parties. If such facts stipulated are the facts, and the facts thus stipulated show no liability on the part of the defendant, then it was certainly error on the part of the trial court in refusing to sustain said motion for judgment on the stipulation. If the facts are as stipulated, then no oral evidence could be introduced for the purpose of changing or altering said facts.

An examination of the facts agreed upon, the substance of which is set forth above, does not in any way connect the defendant with any obligation to pay the plaintiff or his assignors any sum of money whatever. Not only that, but the stipulation of facts shows that after the contract sued upon was made, the assignors of the plaintiff resold said horse mentioned in said contract, to parties associating themselves together as the Baker Belgian Horse Company, and received full contract price therefor by promissory notes executed by the parties to whom said animal was sold, gave a bill of sale therefor, and surrendered possession. Thus it appears that Dunham and Fletcher did not any longer recognize the contract sued upon in this case, but made a new contract and resold the horse to another and different association for the same price. Certainly the defendant, not being connected

with said transaction, would not in any way be liable for any part of the purchase price. It is stipulated, however, "That said Dunham and Fletcher gave a credit on one of said notes executed by said nine persons for $309, the said credit being made at the time said notes were executed."

But it is not stipulated that this credit was given by reason of any liability of the defendant upon the contract sued upon, or that any reservation was made of his interest in said horse when the sale was made to the Baker Belgian Horse Company, but the contrary does appear, and that the sale to the Baker Belgian Horse Company was complete and of the entire animal.

We are unable to find any facts in the stipulation which show any liability upon the part of the defendant to the plaintiff herein or his assignors. Of course, if the facts stipulated be facts, and the fact be that no liability is shown on the part of the defendant, then certainly no oral or other testimony could be introduced contradicting such fact, because if a contradiction was made, then the stipulation would not be a fact. We are therefore of the opinion that the court erred in overruling the defendant's motion for judgment on the stipulation. Judgment *reversed* and cause remanded. Costs awarded to appellant.

Ailshie, C. J., and Sullivan, J., concur.