WILLIAM E. CRANE, Appellant, v. THE CITY OF HAR-
RISON, a Municipal Corporation, Respondent.

[232 Pac. 578.]

MUNICIPAL   CORPORATIONS — STREETS   AND   HIGHWAYS — REGRADING—
   ABUTTING   LAND   OWNER — EMINENT   DOMAIN — CONSTITUTION —
   "TAKEN" — DEDICATION — CONSEQUENTIAL     DAMAGES — DAMNUM
   ABSQUE INJURIA—APPEALABLE ORDERS.
      1. An order overruling or sustaining a demurrer is not an
   appealable order within the meaning of C. S., sec. 7152.
      2. Under the provisions of art. 1, sec. 14, of the constitution,
   just compensation for property taken must be ascertained and
   paid at the time of the taking, once and for all time, and in-
   cludes all damages arising from the most injurious use to which
   the condemnor may lawfully put the property.

3. Changing the grade or regrading of streets by a municipality does not amount to a taking within the meaning of art. 1, sec. 14, of the constitution, even though occasioning damage to abutting land owner.

4. Where a street or highway becomes such by dedication, compensation for the easement is expressly waived by such dedicator.

5. A city, in the exercise of its lawful powers, in bringing a dedicated street to the established grade, causing the soil of an abutting lot to slide into the street, is not liable to the owner of such lot in damages for the removal of lateral support from such property, for taking property without just compensation, such damages being consequential, or *damnum absque injuria.*

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Action for damages. Judgment for defendant. *Affirmed.*

Fred D. Crane and J. Ward Arney, for Appellant

The city is liable in damages for injuries resulting to abutting private property in the regrading of streets for the public use, under the Idaho constitution and laws requiring due compensation for the taking, damaging and injuring of private property for public use. (*Idaho-Western Ry. Co. v. Columbia Conference,* 20 Ida. 568, 119 Pac. 65, 38 L. R. A., N. S., 497; *Thomas v. Boise City,* 25 Ida. 522, 138 Pac. 1110; *Boise Development Co., Ltd., v. Boise City,* 30 Ida. 675, 167 Pac. 1032; *Dyer v. City of St. Paul,* 27 Minn. 457, 8 N. W. 272; *Stearns' Ex. R. v. City of Richmond,* 88 Va. 992, 29 Am. St. 758, 14 S. E. 847; *Damkoehler v. Milwaukee,* 124 Wis. 144, 101 N. W. 706; *Keating v. Cincinnati,* 38 Ohio St. 141, 43 Am. Rep. 421; *Parke v. City of Seattle,* 5 Wash. 1, 34 Am. St. 839, 31 Pac. 310, 32 Pac. 82, 20 L. R. A. 68; *Brown v. City of Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *Provident Trust Co.*

Publisher's Note.

5. Liability of municipality for injury to lateral support in grading street, see note in 7 A. L. R. 806.

*v. City of Spokane,* 75 Wash. 217, 134 Pac. 927; *Lochore v. City of Seattle,* 98 Wash. 265, 7 A. L. R. 800, 167 Pac. 918.)

James F. Ailshie, and James F. Ailshie, Jr., for Respondent.

Under art. 1, sec. 14, of the state constitution a municipal corporation must first pay a just compensation for the land which is to be used as a highway; and when it has so acquired the title C. S., sec. 3942, gives it continuing power to establish, lay out, alter, etc., such highway, and any damage which may be sustained by an abutting property owner is either included in the payment of a just compensation or is one which is *damnum absque injuria.* (*Green v. Borough of Reading,* 9 Watts (Pa.), 382, 36 Am. Dec. 127; *Taylor v. St. Louis,* 14 Mo. 20, 55 Am. Dec. 89; *Smith v. City of Washington,* 20 How. (61 U. S.) 135, 15 L. ed. 858; *Macy v. City of Indianapolis,* 17 Ind. 267; 1 Elliott on Roads & Streets, 554; *Northern Transp. Co. v. City of Chicago,* 99 U. S. 635, 25 L. ed. 336; *Talcott Bros. v. City of Des Moines,* 134 Iowa, 113, 120 Am. St. 419, 109 N. W. 311, 12 L. R. A., N. S., 696; *Wilson v. Mayor,* 1 Denio (N. Y.), 595, 43 Am. Dec. 719; *Mayor v. Omberg,* 28 Ga. 46, 73 Am. Dec. 748; *Talbot v. New York & H. R. R. Co.,* 151 N. Y. 155, 45 N. E. 382; *Morris v. City of Indianapolis,* 177 Ind. 369, Ann. Cas. 1915A, 65, 94 N. E. 705; *City of Nampa v. Nampa & Meridian Irr. Dist.,* 19 Ida. 779, 115 Pac. 979.)

When property is condemned, damages must be assessed once for all time, and upon a basis of the most injurious use to which the condemning party may lawfully put the property. (2 Lewis on Eminent Domain, 3d ed., secs. 713, 819; *Idaho Western etc. Ry. Co. v. Columbia etc. Synod,* 20 Ida. 568, 119 Pac. 60.)

Damages sustained by an abutting property owner by reason of the change of grade of a street to which the municipality has title does not amount to a taking, within the meaning of the constitution. (1 Lewis on Eminent Domain, sec. 131; *Callendar v. Marsh,* 1 Pick. (18 Mass.) 418; *Green v. Borough of Reading, supra; Taylor v. St. Louis, supra;*

*Smith v. City of Washington, supra; Macy v. Indianapolis, supra;* 1 Elliott on Roads & Streets, 554; *Northern Transp. Co. v. City of Chicago, supra; Talcott Bros. v. City of Des Moines, supra; Wilson v. Mayor, supra; Mayor v. Omberg, supra; Talbot v. New York & H. R. R. Co., supra; Morris v. City of Indianapolis, supra; City of Nampa v. Nampa & Meridian Irr. District, supra;* 4 McQuillin on Municipal Corporations, sec. 1844.)

BUDGE, J.—This action was brought by appellant, the owner of property abutting upon a public street, to recover damages alleged to have been caused by the regrading of such street by respondent. The complaint in substance alleges the ownership of the property; that respondent is a municipal corporation; that the public street abutting on appellant's property was dedicated to respondent and has been used as such for over thirty years; that the city regraded and improved this particular street in 1910 and 1911; that the residence upon appellant's property abutting on said street and the improvements thereon were constructed and made to correspond with the established grade of 1910 and 1911; that in 1919 the city regraded said street and destroyed water and sewer pipes and lowered the level of the street approximately five to six feet in front of the property, thereby depriving the property of necessary lateral support and causing it to be deteriorated and otherwise injured to the extent of $2,500; and that just compensation has not been paid for such injuries, although claim therefor was filed, nor has respondent acquired the right from appellant to so injure his property.

To the complaint a general and special demurrer was filed and sustained. Appellant declined to amend and thereafter judgment was entered dismissing the action. This appeal is taken from the order sustaining the demurrer and the judgment dismissing the action.

An order overruling or sustaining a demurrer is not an appealable order within the meaning of C. S., sec. 7152.

(*Jones v. Quayle,* 3 Ida. 640, 32 Pac. 1134.) We will therefore consider only the appeal from the judgment.

Appellant predicates error upon the action of the court in sustaining the demurrer and dismissing the action. The demurrer involves the question as to whether a municipality is liable in damages to the owner of property abutting upon a public street for injuries resulting to such property caused by the regrading of such street for the use of the public. It is the contention of appellant that under the constitution and laws of this state just compensation is required to be paid for the taking, damaging or injuring of private property for public use and that the municipality is liable for damages so sustained. It is respondent's contention that such injuries or damages as alleged in the complaint are consequential damages or *damnum absque injuria,* for which no recovery can be had. Art. 1, sec. 14 of the constitution provides that: "Private property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefor." This provision of the constitution is unlike constitutional provisions on the same subject in some other states, in this, that the words "or damaged" are inserted after the word "taken," and under such a provision damages caused by regrading of public streets may be recovered by the abutting land owners. (1 Lewis on Eminent Domain, 3d ed., sec. 348, p. 629.) Under the provisions of art. 1, sec. 14, *supra,* municipal corporations, in order to acquire a right to establish a public highway, where the same has not been dedicated to public use, must first pay a just compensation for the land so taken. When so taken the municipality is authorized, under the provisions of C. S., sec. 3942, among other things, to grade or establish grades of streets and repair and maintain the same. (*Macy v. City of Indianapolis,* 17 Ind. 267; 4 McQuillin on Municipal Corporations, sec. 1844, p. 3963.) The rule would seem to be, under the above constitutional provision, that any damages or injuries sustained by the owner of abutting property, are but consequential damages, or *damnum absque injuria* for which no

recovery can be had, for the reason that all such damages are included in the payment of a just compensation when the land was taken. It was held in the case of *City of Nampa v. Nampa & Meridian Irr. Dist.,* 19 Ida. 779, 115 Pac. 979, following *Smith v. City of Washington,* 20 How. (61 U. S.) 135, 15 L. ed. 858, that under the provisions of sec. 2238, Rev. Codes, subd. 3 (now C. S., sec. 3942, *supra*), municipalities have the power, among other things, to grade and establish grades and repair and maintain the same, and for damages incidentally resulting to abutting property from the lawful exercise of the power so conferred they are not liable to the owner in the absence of a statute expressly imposing such liability. Our attention has not been called to any such statute. See, also, to the same effect: *Talbot v. New York & H. R. R. Co.,* 151 N. Y. 155, 45 N. E. 382; *Morris v. City of Indianapolis,* 177 Ind. 369, Ann. Cas. 1915A, 65, 94 N. E. 705. In the case of *Idaho etc. Ry. Co. v. Columbia etc. Synod,* 20 Ida. 568, 119 Pac. 60, which was an action brought under the eminent domain statutes for the purpose of determining the value of the property sought to be taken and damage to the property not taken, in the course of that opinion it was held that damages should be assessed once and for all time and should be based upon the most injurious use to which the condemnor may lawfully put the property. If this is a correct statement of the rule, at the time the municipality acquired the right of way for street purposes, appellant or his predecessor was given damages once and for all time, based upon the most injurious use of the land reasonably possible to which the city might lawfully put it. This would be true where the city acquired the property either by dedication or condemnation and the damages sought to be recovered were included in the just compensation required to be paid under the provisions of the constitution above quoted. Where a street or highway becomes such by dedication, compensation for the easement is expressly waived by the dedicator. (*Morris v. City of Indianapolis, supra; Raunenstein v. New York L. W. Ry. Co.,* 136 N. Y. 528, 32 N. E. 1047, 18 L. R. A. 768.) Under the

almost unanimous decisions of the various state courts and the United States supreme court, the rule is announced that changing the grade of streets by a municipality does not amount to a taking within the meaning of art. 1, sec. 14, of our constitution. (*Northern Transp. Co. v. City of Chicago,* 99 U. S. 635, 25 L. ed. 336; *Callender v. Marsh,* 1 Pick. (Mass.) 418.) In the case of *Talcott Bros. v. City of Des Moines,* 134 Iowa, 113, 120 Am. St. 419, 109 N. W. 311, 12 L. R. A., N. S., 696, the court held that a city may, in the exercise of its lawful powers, in bringing a street in which it owns the fee to the re-established grade, excavate therein so that the soil of an abutting lot will slide into the street, without incurring liability for taking property without compensation or for removing the lateral support. The rule would seem to be well settled that in the absence of constitutional or statutory provisions requiring compensation for property injured as distinguished from property taken, no damages can be recovered by the abutting owner for consequential damage resulting from the elevation or depression of streets, where the municipality has not transcended its authority, but acted within its jurisdiction in the interest of public safety and convenience.

There is a well-marked distinction which fixes the liability of a municipality when acting in a governmental or a proprietary capacity, which is pointed out in the case of *Boise Development Co., Ltd., v. Boise City,* 30 Ida. 675, 167 Pac. 1032. The grading or regrading of streets is a governmental function.

It follows that the court properly sustained the demurrer to the complaint and dismissed the action. The judgment of the lower court must be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy, C. J., William A. Lee, and Wm. E. Lee, JJ., concur.