(March 2, 1925.)

## ANNA B. COLGROVE, Appellant, v. HAYDEN LAKE IRRIGATION DISTRICT, a Corporation, Respondent.

[223 Pac. 434.]

APPEAL AND ERROR—QUESTIONS FOR REVIEW—DISMISSAL AND NONSUIT —SUFFICIENCY OF EVIDENCE—PLEADINGS.

1. Rulings upon demurrers to complaint and motion to separately state are not reviewable upon appeal where one or more amended complaints are filed after such rulings, prior complaints becoming *functus officio* upon the filing of the amended complaint.

2. Reversible error is committed in granting a nonsuit where plaintiff has made a *prima facie* case.

3. Evidence examined and *held* sufficient to establish a *prima facie* case.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action to recover damages for failure to deliver water. Judgment of nonsuit. *Reversed.*

E. H. Berg and Robert H. Elder, for Appellant.

Ezra R. Whitla, for Respondent.

Counsel cite no authorities on points decided.

BUDGE, J.—This is essentially an action for damages for failure to deliver water for irrigation purposes. From the record it appears that appellant and her husband purchased ten acres of land in Kootenai county, together with a water right, from the Interstate Irrigation Company, a corporation, which later became the separate property of appellant by divorce proceedings. Subsequent to the purchase respondent district was organized and took over the irrigation system of the Interstate Irrigation Company. Appellant brought this action to recover damages from respondent for

the latter's alleged failure to deliver to her the irrigation water to which she claimed to be entitled under her deed during the years 1917, 1918, 1919 and 1920. Three amended complaints were filed as a result of rulings made by the court in sustaining demurrers and motions attacking the pleadings. In the fourth amended complaint respondent pleaded two causes of action, the first being upon the original contract with the Interstate Irrigation Company, the second apparently being based on the theory that by purchasing the water right and system of the Interstate Irrigation Company respondent became liable to furnish water to appellant under her deed. A demurrer to the first cause of action was sustained, the order sustaining the demurrer reciting that appellant refused to plead further and ordering the dismissal of the first cause of action. The demurrer to the second cause of action was overruled and the case went to trial upon the second cause of action and the answer thereto. After appellant rested respondent made a motion for nonsuit which was sustained and the second cause of action of appellant's fourth amended complaint was dismissed and judgment entered accordingly. The appeal is from this judgment.

Appellant specifies and relies upon seven assignments of error. The first three attack the rulings of the court in sustaining a demurrer to the original complaint, in sustaining a demurrer to the second amended complaint and in sustaining a motion to separately state, filed to the first amended complaint. Amended complaints were filed subsequent to these rulings. In the case of *Andrews v. Moore,* 14 Ida. 465, 94 Pac. 579, this court held that:

"Where a complaint is amended, it takes the place of the original complaint, and the action of the trial court in overruling a demurrer to the original complaint becomes of no consequence, and cannot be alleged as error on appeal."

Prior complaints became *functus officio* upon the filing of the fourth amended complaint. (*People v. Hunt,* 1 Ida. 433; *Wooddy v. Jamieson,* 4 Ida. 448, 40 Pac. 61.) It follows

that the rulings of the court upon the prior pleadings cannot be reviewed by this court.

In her fourth assignment appellant seeks to have reviewed the action of the court in sustaining a demurrer to the first cause of action of the fourth amended complaint. This appeal is taken only from the judgment of dismissal based upon the second cause of action; the ruling upon the demurrer to the first cause of action is not properly here for review in the absence of an appeal from the order dismissing the first cause of action.

The fifth, sixth and seventh assignments of error bring into question the action of the court in sustaining the motion for nonsuit on the second cause of action of the fourth amended complaint and in entering judgment of dismissal. The court sustained the motion for nonsuit upon the ground that the evidence was insufficient to show what water was delivered, that is, the amount, and the failure of appellant to show what water she was entitled to, also upon the ground that there was insufficient evidence to show that appellant suffered damages by reason of the failure of respondent to deliver water to which she was entitled, and that the proof failed to show that appellant paid her annual maintenance charges.

It is first insisted that as to the years 1918, 1919 and 1920 the evidence fails to show that appellant paid the amount stipulated for maintenance and therefore was not entitled to have water delivered to her. The deed from the Interstate Irrigation Company, respondent's predecessor, which was properly admitted in evidence, provides, among other things, that: "The purchaser further agrees to pay to the vendor the sum of Two Dollars and Fifty Cents ($2.50) per acre per year for said land for the maintenance, operation and management of said canal system, irrigation works and laterals, all of said maintenance charges to be payable in advance on the first day of June of each year, at the vendor's office in Spokane, Washington." Also that: "The annual charge to be paid by the purchaser for the maintenance, operation and management of said canal, irrigation works and laterals as provided

in paragraph numbered two (2) of this deed, and each of said annual charges shall become and be a first, prior and paramount lien upon the said land and appurtenances and water right herein described; and, if not paid as and when due, the lien therefor, together with interest . . . . may be foreclosed . . . . and the said property shall be sold to satisfy such lien, costs and attorney's fees.''

The evidence clearly shows that the assessment for maintenance was paid for the year 1917. There is some competent evidence touching the matter of the payment of assessment for maintenance for the years 1918, 1919 and 1920. However, the mere fact that the maintenance charges were not paid covering these years would not, under the facts of this case and in view of the provisions of the deed above quoted, bar a recovery. There is no provision in the deed that would justify such a holding. The deed does not provide in terms that a recovery cannot be had or that the water may be withheld upon the failure to pay maintenance charges, but it does provide that upon the failure to make such payment there shall arise against the land a prior and paramount lien, which lien may be foreclosed and the land sold and the proceeds of sale applied in liquidation of the maintenance charges that are in default. Respondent did not rely upon the payment of the maintenance charges as a condition precedent to the right of appellant to receive water. The deed provides that:

''The amount of water to be used on said described land shall be the amount of water necessary for irrigating purposes from June 1st to September 30th of each year, with the perpetual use of water for domestic purposes, which water for domestic purposes is to be furnished every month during the year, and the vendor agrees to furnish the purchaser during each irrigating season an amount of water equal in quantity to twelve inches in depth over the entire surface of said land, provided the purchaser finds it necessary to use the said amount during the season, but the vendor shall not be required to furnish any water in excess of the amount above specified.''

That the terms of the deed aforesaid as to the delivery of the amount of water specified therein were not complied with by respondent is fully established by the evidence. It was not incumbent upon appellant to offer evidence that would excuse respondent from complying with the terms and conditions of the deed as above set forth. This would be a matter of defense regardless of whether the action be one arising upon contract or on a liability arising by operation of law. Respondent acquired the interests of the Interstate Irrigation Company in and to its irrigation system and would not be permitted to enjoy the benefits of its predecessor's contract with appellant without assuming the burdens. As was said in the case of *Nampa & Meridian Irr. Dist. v. Briggs,* 27 Ida. 84, 105, 147 Pac. 75, 82:

"When appellant acquired the irrigation system the right owned by respondent had already been deeded away by its predecessor in interest, so that it took said system subject to outstanding rights and burdened with outstanding obligations. . . . . It was optional with appellant to purchase the system with its burdens or to not purchase it. Having purchased, it was optional to acquire the rights of respondent, granted by the deeds from appellant's predecessor, by purchase or condemnation, and to take his property into the irrigation district upon the common level, or to fulfill said contracts according to their terms."

When respondent took over the irrigation system of its predecessor it became obligated to deliver water to appellant, even though clothed with greater powers under the statute, by reason of becoming an irrigation district, than those enjoyed by its predecessor. The mere fact that an irrigation district was organized and under the statute permitted to acquire by purchase a system then in operation would not warrant a holding that vested rights theretofore acquired and enjoyed by appellant could be wiped out and held for naught.

It is also insisted that there was no evidence of damages sustained by appellant on account of respondent's failure to deliver water. This contention we do not think can be sus-

tained. It may be well here to observe that after the motion for nonsuit was made, counsel for respondent asked that the case be reopened and that he be permitted to show that in 1917 the apple trees planted on about six acres of appellant's land were in good healthy condition. The court denied the motion and refused to receive this testimony. Under the circumstances of this case we think the court's ruling constituted reversible error and that it abused its discretion, in view of the fact that there was competent evidence to the effect that by reason of the failure of appellant to receive the necessary amount of water to properly irrigate the orchard, many of the trees died during the years 1918, 1919 and 1920, those that lived were stunted and failed to bear fruit, and evidence had been offered as to the damages sustained by appellant and that such damages accrued subsequent to 1917. Substantial proof appears in the record that some water was delivered to appellant during the years 1917, 1918, 1919 and 1920, and we think the same was sufficient to warrant the court in submitting to the jury the question as to whether or not sufficient water was delivered by respondent as was called for under the deed during those years, and if not, what, if any, damages were sustained by reason of such failure to deliver water. Evidence also appears in the record tending to prove that appellant's ditches and land were in a proper condition to receive and care for the water had the same been delivered. This also was a proper question for the jury.

Without setting out in detail all of the evidence offered in support of respondent's second cause of action as stated in her fourth amended complaint, we are clearly of the opinion that appellant made a *prima facie* case from which it follows that the court erred in granting the motion for nonsuit. A judgment of dismissal or nonsuit will be reversed where plaintiff had made a *prima facie* case. (*Schleiff v. McDonald,* 37 Ida. 423, 216 Pac. 1044; *Black v. City of Lewiston,* 2 Ida. 276, 13 Pac. 80; *McAlinden v. St. Maries Hospital Assn.,* 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115; *Idaho Mercantile Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925;

*Small v. Harrington*, 10 Ida. 499, 79 Pac. 461; *York v. Pacific etc. R. Co.*, 8 Ida. 574, 69 Pac. 1042; *Later v. Haywood*, 12 Ida. 78, 85 Pac. 494; *Adams v. Bunker Hill etc. Min. Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868; *Kansteiner v. Clyne*, 5 Ida. 59, 46 Pac. 1019; *Lowary v. Tuttle*, 36 Ida. 363, 210 Pac. 1006.)

From what has been said it follows that the judgment should be reversed and the cause remanded, with instructions to grant a new trial and, in view of the conditions of the pleadings, permit either side, if they so desire, to make amendments thereto. Costs are awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee, J., concur.