(No. 5883.   October 26, 1932.)

C. V. CABLE, Appellant, v. F. E. OLSON, Doing Business Under the Name and Style of PEOPLE'S MARKET, Respondent.

[15 Pac. (2d) 737.]

C. A. Bandel, for Appellant, files no brief on motion to dismiss.

Ariel L. Crowley and C. E. Crowley, for Respondent.

LEE, C. J.—Plaintiff and appellant, C. V. Cable, obtained a writ of attachment against property of defendant and respondent, F. E. Olson. Both the complaint and affidavit of attachment set forth four causes of action. Respondent demurred to the complaint, and moved to dissolve and discharge the attachment upon several grounds. The trial court sustained the demurrer and discharged the at-

tachment on March 2, 1932. On March 11, 1932, appellant filed his amended complaint, having abandoned his second cause of action, setting up only three of the original four causes of action, and the following day moved the court for permission to amend his affidavit, which motion was by the court denied. From the order dissolving the attachment, plaintiff appealed, seeking to preserve the attachment by filing an undertaking under the provisions of C. S., sec. 7159. Respondent has moved to dismiss the appeal on the ground that the same is moot.

The attack upon the affidavit of attachment involved many allegations of the original complaint. The amended complaint superseded the original and related back to the date of its filing. (*First National Bank of Logan v. Collins,* 51 Ida. 689, 9 Pac. (2d) 802.) Upon the filing of an amended complaint, the prior complaint becomes *functus officio* and the rulings of the trial court upon such prior pleading cannot be reviewed by the appellate court. (*Colgrove v. Hayden Lake Irr. Dist.,* 40 Ida. 489, 223 Pac. 434.) The situation now presented is that of a complaint containing three causes of action, upon which a writ of attachment based upon an affidavit setting out four causes of action is sought to be upheld. This court held in *Vollmer v. Spencer,* 5 Ida. 557, 563, 51 Pac. 609, that a writ of attachment issued upon two causes of action is an entirety, and jurisdiction to issue it "as to both of the causes of action must have existed at the time it issued." Clearly, no jurisdiction exists for the issuance of a writ of attachment upon a cause of action not plead; and the writ issued, being an entirety, is, upon the present state of the pleadings, void. No appeal having been taken from the order denying the right to amend the affidavit, the question before the court has become moot, and the appeal must be dismissed, with costs to respondent.

Budge, Givens, Varian and Leeper, JJ., concur.