328 P.2d 397

Ernest V. HUGHES and Carmen Hughes, husband and wife, Plaintiffs-Appellants,

v.

The STATE of Idaho, a commonwealth, acting by and through the Idaho Board of Highway Directors, and the City of St. Maries, a municipal corporation, Defendants-Respondents.

No. 8490.

Supreme Court of Idaho.

July 28, 1958.

288

Elder, Elder, Cox & Mitchell, Cocur d'Alene, for appellant.

Graydon W. Smith, Atty. Gen., Wm. R. Padgett, Asst. Atty. Gen., Carl M. Buell, St. Maries, for respondent.

SMITH, Justice.

Appellants ever since 1926 have been and were at the time of the commencement of this action the owners of Lots 5 and 6 in Block 3 of the original townsite of St. Maries, in Benewah County, used for business purposes.

Appellants commenced this action November 4, 1954, after the Board of Examiners of the State of Idaho had denied their claim for compensation predicated upon respondents' physical invasion of their property and destruction of their right of access thereto.

Appellants in their original and first amended complaints allege that their business property is situate in respondent City of St. Maries, at the intersection of, and at grade with, South Railroad Avenue and Third Street; that it consisted, for many years prior to 1952, of a service station, a grocery store and a public garage, which

appellants leased to divers persons; that appellants maintained two points of access to their property for business purposes, one fronting South Railroad Avenue, and one fronting Third Street, which rendered the property readily accessible for business purposes from either street; that respondents' construction of a new bridge and railroad overhead with approach along Third Street past appellants' property raised the grade or elevation of Third Street at said locality approximately six feet which resulted in the intersection becoming impassible for vehicular traffic, and in respondent City causing the intersection to be closed and vacated; that thereby appellants not only were wrongfully deprived of such rights of access, but their property was rendered unfit for business purposes. Appellants then allege two additional theories of wrongful taking of their property, i. e., in their original complaint, by the constant draining onto their property of water, mud, dirt and refuse from the approach as so constructed; and in their first amended complaint, by the construction of the approach to the extent of two to three feet upon appellants' property throughout its entire length bordering on Third Street. Then follows appellants' allegations of consequent reduction in the value of their property caused by respondents' wrongful taking, to their damage in an alleged sum, for which they pray judgment. Appellants base their action on the theory of inverse condemnation as recognized by this Court in Renninger v. State, 70 Idaho 170, 213 P.2d 911.

The trial court required appellants to state their causes of action separately against each of the respondents. The court also sustained demurrers to portions of appellants' original complaint and their first amended complaint.

The trial court also sustained respondents' motion to strike the allegations of appellants' first amended complaint, (1) that a portion of the approach and fill placed by respondents on appellants' land deprived appellants of the use thereof, and (2) that the fill and approach so constructed deprived appellants of their right of access to their property. This left remaining the theory alleged in appellants' second amended complaint, upon which they proceeded to trial, of the taking of appellants' property by dirt, residue and water draining and washing down thereon from the embankment constructed by defendants.

Respondents, at the close of appellants' case, moved for a judgment of nonsuit on the ground that appellants had failed to prove a sufficient case to entitle them to a verdict, which motion the trial court granted. Appellants appealed from the resulting judgment of nonsuit.

Appellants by their assignments assert that the trial court erred in sustaining demurrers to appellants' original and first

amended complaints and in striking the aforesaid portions of the first amended complaint.

At the outset respondents assert that the questions presented by such assignments cannot be reviewed, urging that upon the filing of an amended complaint all prior complaints become functus officio and that therefore, the rulings of the trial court on the prior pleadings cannot be reviewed on appeal from the final judgment; citing in support thereof People ex rel. Huston v. Hunt, 1 Idaho 433; Wooddy v. Jamieson, 4 Idaho 448, 40 P. 61; Andrews v. Moore, 14 Idaho 465, 94 P. 579: Colgrove v. Hayden Lake Irr. Dist., 40 Idaho 489, 235 P. 434; Cable v. Olson, 52 Idaho 389, 15 P.2d 737; Shirts v. Shultz, 76 Idaho 463, 285 P.2d 479.

There is no merit in respondents' position, for here, the trial court at no time sustained a demurrer to appellants' entire cause of action; rather, the trial court struck from the complaint two elements of appellants' cause of action, leaving the third element upon which the trial proceeded. The effect of filing the second amended complaint was to allege only the third remaining element.

Crossler v. Safeway Stores, Inc., 51 Idaho 413, 6 P.2d 151, 152, 80 A.L.R. 463, in recognizing this theory, renders the cases cited by respondents distinguishable from the case here. The Crossler case held that the effect of sustaining a motion to strike portions of an answer, i. e., the affirmative defense, left only the remaining portion of the answer though it was set out in an amended answer; therein this Court said:

"A motion to strike such affirmative defense, made by respondent, was sustained by the trial court, * * * However, after such ruling, and evidently in an endeavor to comply therewith although we deem it an unnecessary act, appellants filed what is designated as 'amended answer,' which, for all practical purposes, is nothing more than the original answer with the parts deleted that were ordered stricken by the court."

The order of the trial court granting respondents' motion to strike the portions of appellants' second amended complaint being a matter deemed excepted to and appearing in the record, may be reviewed upon appeal from the final judgment. I.C. secs. 10–502 and 13–219; Warren v. Stoddart, 6 Idaho 692, 701, 59 P. 540.

The essential questions presented by the trial court's striking from appellants' original and first amended complaint the allegation of destroyed business access to their business property are (a) whether the destruction or impairment of access constitutes a taking of property, and (b) whether destroyed or impaired access must

be accompanied by a taking of physical property to constitute an element of damage.

Idaho Const. Art. I, sec. 14, provides:

"Private property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefor."

Idaho Sess.Laws 1951, ch. 93, sec. 15(9), (codified as I.C. sec. 40–120, with later amendments) in force in 1952 when this cause of action arose, provided that respondent Board of Highway Directors shall have the power to:

"Purchase, condemn or otherwise acquire (including exchange), any real property, either in fee or *in any lesser estate* * * *." (Emphasis supplied).

In Idaho etc. Ry. Co. v. Columbia etc. Synod, 20 Idaho 568, 119 P. 60, 65, 38 L.R.A.,N.S., 497, it was argued that Idaho Const. Art. I, sec. 14, provides payment of just compensation only for private property "taken" and does not provide for payment of damages sustained, citing in support thereof various state Constitutions which, unlike Idaho's, contain the additional damage clause. In disposing of such contention the Court said:

"While our constitutional provision omits the words 'or damaged' which are found in many Constitutions immediately following the word 'taken' as it occurs in our Constitution, this provision does not prevent the Legislature from adding the requirement that compensation be made for the damages sustained to the remaining property by reason of the taking; in other words, the omission of the words 'or damaged' from the Constitution does not prevent the Legislature from imposing a condition to that effect by statutory enactment. * * * it [the Legislature] has not authorized the collection of damages under the eminent domain statute previous to the taking, where there is no actual physical taking of the property, but it has provided that the damages done to the remaining portion of the property from which the condemned portion is taken shall be paid before the condemnor is allowed to take the property sought."

I.C. sec. 7–711, relating to the assessment of damages, provides in part:

"The court, jury or referee must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:

"1. The value of the property sought to be condemned, and all improvements thereon pertaining to the realty, and of each and every separate

estate or interest therein; if it consists of different parcels, the value of each parcel and each estate or interest therein shall be separately assessed.

"2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff. * * *."

 This section of the statute makes it the mandatory duty of the court, jury or referee to ascertain and assess the value of the property sought to be condemned; and if such property constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of the severance, and the construction of the improvement, likewise must be ascertained and assessed.

We now approach the proposition, whether appellants' allegedly destroyed easement, constituting the right of vehicular access of the public generally to their property for business purposes, is property capable of being "taken" and capable of severance from the property to which it appertains and of which it is a part.

Private property of all classifications may be taken for public use. Idaho Const. Art. I, sec. 14; I.C. sec. 7–703.

 Real property includes "that which is appurtenant to the land." I.C. sec. 55–101. It includes all easements attached to the land. I.C. sec. 55–603. It includes hereditaments, whether corporeal or incorporeal, such as easements, and every interest in lands. 73 C.J.S. Property § 7, p. 159.

Easements are included in the classification of estates and rights in lands which may be taken for public use. I.C. sec. 7–702.

 In 29 C.J.S. Eminent Domain § 105, p. 910, is to be found the following rule:

"An easement is an interest in land for which the owner is entitled to compensation, as much so as if the land to which the easement is appurtenant were taken or injured. Thus the owner of land abutting on a street or highway has a private right in such street or highway, distinct from that of the public, which cannot be taken nor materially interfered with without just compensation, * * *

* * * * * *

" * * * The easement * * * of access, possessed by an owner of land abutting on a street or highway, constitute property of which he cannot be deprived without compensation, * * * although he does not own the fee of the street."

See also 29 C.J.S. Eminent Domain § 122, p. 934; § 167, p. 1038; and § 163, p. 1033, wherein it is stated:

"* * * the general rule is that, where land is taken, all such matters as, owing to the location of the improvement, may affect the convenient use and future enjoyment of the property retained are proper for consideration, not as in themselves elements of damage, but as affecting the market value of the land."

This Court in Village of Sandpoint v. Doyle, 14 Idaho 749, 95 P. 945, 947, 17 L.R.A.,N.S., 497, ruled as follows:

"* * * every property owner, having a lot abutting on a street or thoroughfare, has a special and peculiar right in that particular street not common to the other citizens. That right is a property right appurtenant to his lot, and furnishes him the means of getting to and from his property, and thereby enjoying the common right of all the streets with the balance of the citizens of the community. If he cannot get out from his property, and has no means of ingress or egress, then the streets and thoroughfares of the municipality will be of no use to him, and consequently his property will be of little benefit to him. While the public generally may have no special or particular interest in the right of ingress to any particular lot owner's property, the lot owner has a very material and special interest in having the public reach his property and place of business, and in his right to go and come and carry on business and invite the public to his place of business. It has been held by the courts that to cut off this right of ingress and egress would be to take the lot owner's property without due process of law."

Knowles v. New Sweden Irr. Dist., 16 Idaho 217, 231, 101 P. 81, 86, states the rule:

"Any destruction, interruption, or deprivation by the common, usual, and ordinary use of property is by the weight of authority a 'taking' of one's property in violation of the constitutional guaranty."

See also Fosters, Inc., v. Boise City, 63 Idaho 201, 118. P.2d 721, as recognizing the right of travel over a street or highway as a primary absolute right of everyone, though the exercise of that right may be regulated; also Lower Payette Ditch Co. v. Smith, 73 Idaho 514, 254 P.2d 417, wherein was recognized the right of an abutting owner and user of an old road for over 20 years, to continue the use of the road.

This Court in Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353, 359, recognized that the right of the easement of access constituted an interest in the realty by virtue of being appurtenant thereto. In this case, this Court stated:

"Access to a public way across sidewalks, subject to the right of reasonable regulation by the municipality, 'is one

of the incidents of ownership of land bounding thereon, and this right is appurtenant to the land and exists when the fee of the way is in the municipality as well as when it is in private ownership.' Anzalone v. Metropolitan District Com., 257 Mass. 32, 153 N.E. 325, 327, 47 A.L.R. 897. See, also, 13 R.C.L., p. 142; 44 C.J., pp. 943, 945. And it is a vested right of which the lot owner cannot be deprived without just compensation. Howell v. Board of Commissioners, supra, [169 Ga. 74, 149 S.E. 779]; Gulf Refining Co. v. City of Dallas, Tex.Civ.App., 10 S.W.2d 151."

The above rule was followed in Independent School Dist. No. 1 of Twin Falls County v. Continental Oil Co., 49 Idaho 109, 286 P. 360.

State ex rel. Rich v. Dunclick, Inc., 77 Idaho 45, 286 P.2d 1112, was decided during 1955 when Idaho Sess.Laws 1951, ch. 93, sec. 15(9), unchanged by amendment, provided that respondent State Board of Highway Directors may condemn any real property, in fee or in lesser estate. Therein the court held that in a condemnation proceeding, impaired access to a highway is an element to be considered by the jury in fixing damages.

We do not deem the case of Powell v. McKelvey, 56 Idaho 291, 53 P.2d 626, to be in conflict with the views expressed herein; for in that case this Court held that the construction of a subway in the middle of the street, leaving a roadway on each side 18½ feet in width, did not constitute a "taking" within the meaning of Idaho Const. Art. I, sec. 14.

Crane v. City of Harrison, 40 Idaho 229, 232 P. 578, 38 A.L.R. 15, appears to be the only decision of this Court expressing views divergent to those stated herein. Insofar as that case is in conflict with the views announced herein, it is overruled.

■ Our review of Idaho's Constitution, statutes and decisions, clearly shows that the power of eminent domain extends to every kind of property taken for public use, including the right of access to public streets, such being an estate or interest in and appurtenant to real property; and since such right of access constitutes an interest in, by virtue of being an easement appurtenant to, a larger parcel, the court, jury or referee *must ascertain and assess* the damages which will accrue to the portion not sought to be condemned by reason of the severance of the portion—the right of access—sought to be condemned, and the construction of the improvement. I.C. sec. 7-711.

■ We therefore hold that appellants' allegedly destroyed right of business access to their business property, if such be proven, constituted a taking of their property, whether or not accompanied by a taking

of physical property, and constituted an element of damage, as does also any element of alleged taking of their physical property, which must be ascertained and assessed in accordance with the legislative mandate of I.C. sec. 7–711.

The judgment of the trial court is reversed and the cause remanded with instructions to reinstate appellants' first amended complaint and to grant a new trial thereon. Costs to appellants.

PORTER, TAYLOR and McQUADE, JJ., and NORRIS, District Judge, concur.